TIMOTHY L. NEUFELD, State Bar No. 66980
  tneufeld@neufeldmarks.com
PAUL S. MARKS, State Bar No. 138407
  pmarks@neufeldmarks.com
ERIN E. BRADY, State Bar No. 254164
  ebrady@neufeldmarks.com
**NEUFELD MARKS**
  **A Professional Corporation**
315 West Ninth Street, Suite 501
Los Angeles, California 90015
Telephone:  (213) 625-2625
Facsimile:  (213) 625-2650

Attorneys for plaintiffs Elements Spirits,
Inc,, Fabrica de Tequilas Finos S.A. de
C.V., and Worldwide Beverage, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELEMENTS SPIRITS, INC., a California Corporation, FABRICA DE TEQUILAS FINOS S.A. DE C.V., a Mexican Corporation and WORLDWIDE BEVERAGE IMPORTS, LLC, a Nevada limited liability company, <br><br> Plaintiffs, <br><br> vs. <br><br> ICONIC BRANDS, INC., a California corporation, GRACE KIM BRANDI, an individual, and DOES 1-10, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR:** <br><br> **1) UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN IN THE NATURE OF TRADE DRESS INFRINGEMENT IN VIOLATION OF THE LANHAM ACT §43(a); 15 U.S.C. §1125(a)** <br><br> **2) COMMON LAW TRADEMARK INFRINGEMENT** <br><br> **3) UNFAIR COMPETITION IN VIOLATION OF CALIFORNIA BUSINESS AND PROFESSION CODE §17200** <br><br> **4) INTENTIONAL INTERFERENCE WITH BUSINESS EXPECTANCY AND CONTRACTUAL RELATIONS** <br><br> **5) DECLARATORY RELIEF PURSUANT TO 28 U.S.C. §2201** <br><br> **6) BREACH OF CONTRACT** <br><br> **JURY TRIAL DEMANDED** |

NEUFELD MARKS
A PROFESSIONAL CORPORATION
315 W. 9th Street • Suite 501 • Los Angeles, California 90015
Telephone: (213) 625-2625   •   Facsimile: (213) 625-2650

207949.1

Plaintiffs Elements Spirits, Inc., Fabrica de Tequilas Finos S.A. de C.V., and Worldwide Beverage Imports, LLC complaint as follows:

## JURISDICTION AND VENUE

1.     This is an action for damages, preliminary injunctive relief, and permanent injunctive relief, arising out of 1) unfair competition and false designation of origin in the nature of trade dress infringement in violation of Section 43(a) of Lanham Act, 15 U.S.C. §1125(a), 2) Common law trademark infringement; 3) unfair competition in violation of California Business and Professions Code § 17200, 4) intentional interference with business expectancy and contractual relations, 5) declaratory relief pursuant to 28 U.S.C. § 2201 relating to rights and duties under an agreement and relating to violations of the Copyright Act of 1976 and amendments thereto, 17 U.S.C. §101, *et seq.*, 6) breach of contract, and related wrongdoings on the part of Defendants.

2.     This honorable Court has subject matter jurisdiction over the federal claims of this action under 15 U.S.C. §§1121 and 28 U.S.C. §§1331, 1338, and 1367.  The Court has subject matter jurisdiction over the related California state law claims pursuant to 28 U.S.C. §§1338 and 1367.

3.     Venue in this action is properly within the Central District of California, pursuant to 28 U.S.C. §§1391 and §1400(a).

## THE PARTIES

4.     Plaintiff Elements Spirits, Inc. (hereinafter "Elements" or "Plaintiff") is a corporation organized and existing under the laws of the state of California, with its principal place of business within the geographical confines of the Central District of California.  Elements is the creator and founder of the KAH brand of tequila which was launched in November 2009.

5.     Plaintiff Fabrica de Tequilas Finos S.A. de C.V. (hereinafter "FINOS" or "Plaintiff") is a corporation organized and existing under the laws of Mexico, with its principal place of business located in Tequila, Mexico.  By virtue of an

NEUFELD MARKS
A PROFESSIONAL CORPORATION
315 W. 9th Street • Suite 501 • Los Angeles, California 90015
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

NEUFELD MARKS
A PROFESSIONAL CORPORATION
315 W. 9th Street • Suite 501 • Los Angeles, California 90015
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

1  agreement entered into between Elements on the one hand, and FINOS on the other

2  hand, FINOS was granted the exclusive license to manufacture, bottle, and sell

3  KAH Tequila.

4        6.     Plaintiff Worldwide Beverage Imports, LLC (hereinafter "WBI" or

5  "Plaintiff") is a limited liability company organized and existing under the laws of

6  the state of California, with its principal place of business within the geographical

7  confines of the Central District of California.  WBI, by virtue of an exclusive

8  agreement with FINOS, was granted the exclusive right to import and sell KAH

9  Tequila to distributors in the United States and the world.

10        7.     Plaintiffs are informed and believe, and based thereon allege, that

11  Defendant Iconic Brands, Inc. (hereinafter "Iconic" or "Defendant") is a California

12  Corporation organized and existing under the laws of the state of California, with its

13  principal place of business in the City of Industry, a location within the geographical

14  confines of the Central District of California.

15        8.     Plaintiffs are informed and believes, and based thereon allege, that

16  Defendant Grace Kim Brandi (hereinafter "Brandi") is, at all relevant times was, a

17  citizen of California residing in Los Angeles County, California.  Plaintiffs are

18  informed and believe that Brandi is the founder and CEO of Iconic.

19        9.     Plaintiffs do not know the true names or capacities of the fictitiously

20  named defendants DOES 1 through 10, inclusive, and therefore sue these persons

21  and/or entities by their fictitious names.  Plaintiffs will amend this Complaint to

22  allege their true names or capacities when they have been ascertained.  Plaintiffs are

23  informed and believe, and thereon allege, that each fictitiously named defendant is

24  in some manner responsible for the acts, omissions or conduct alleged in this

25  Complaint and that such defendants proximately caused Plaintiffs' damages, as

26  alleged herein.

27        10.    Plaintiffs are informed and believe, and based thereon allege, that at all

28  relevant times herein, each named defendant was the agent, servant, representative,

1  employee, partner, or joint venturer of each other defendant, and that each defendant

2  was acting within the course and scope and purpose of such agency, employment,

3  partnership, or joint venture, and with the express or implied knowledge,

4  permission, consent or the ratification of each other in doing the things alleged

5  herein.  As a result, each defendant is jointly and severally responsible and liable for

6  those acts of each other as alleged herein.

7  ## STATEMENT OF FACTS

8  11.    Elements was formed in November 2009 to promote and develop a new

9  premium tequila sold in Day of the Dead, calaveras-inspired porcelain bottles, and

10  to be sold under the "KAH" brand.  At the time, Elements had not launched its

11  product, and it was soliciting investors through an offering Memorandum seeking to

12  raise $2,400,000 for what was projected to be two years of operations.  Defendant

13  Brandi was the founder of Elements and was seeking the investors to launch this

14  new product.

15  12.    In November 2009, Elements entered into a Letter of Intent with

16  Sandra Lugo and Javier Gonzales for their artwork "which will belong exclusively

17  to Elements Spirits, Inc."  In January 2010, Elements entered into agreements with

18  Sandra Lugo and Javier Gonzales to create the artwork for the bottles that were to be

19  used to sell KAH Tequila.  These agreements are attached hereto as **Exhibit 1**.

20  13.    In the Spring of 2010, Elements was preparing to introduce its product

21  to the public.  Brandi was also involved at that time with the launching of a new

22  trade magazine for the liquor industry called Liquid Living.  In the first issue of

23  Liquid Living, Brandi included an article promoting the launch of KAH Tequila.

24  Attached hereto as **Exhibit 2** is a true and correct copy of the article featured in

25  Liquid Living magazine regarding the launch of KAH Tequila.  Also attached as

26  **Exhibit 3** is a true and correct copy of a press release from March 2010 regarding

27  the launch of KAH Tequila by Elements.

28  / / /

NEUFELD MARKS
A PROFESSIONAL CORPORATION
315 W. 9th Street • Suite 501 • Los Angeles, California 90015
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

14. Elements and Brandi received a cease and desist letter from Globefill, Inc. ("Globefill") in March 2010 relating to a trade dress infringement claim that Globefill was asserting against Elements and Brandi regarding the KAH bottle that Elements was preparing to introduce. Globefill was (and is) controlled by the well-known celebrity Dan Aykroyd. Upon receipt of this cease and desist letter, Brandi's company, Elements, immediately began to incur significant legal fees defending itself, and the launch of KAH Tequila was delayed. Globefill filed suit just days after sending the cease and desist letter in United States District Court, Central District of California, *Globefill, Inc. v. Elements Spirits, Inc. et al.,* Case No. CV 10-2034 CBM (PLAx). The receipt of the cease and desist letter, and the Globefill Complaint, caused Elements to lose a possible investor in the company.

15. Brandi, as CEO of Elements, was in the unenviable position of attempting to launch a new product while simultaneously defending against an expensive trade dress infringement lawsuit, all with no financial resources. To complicate matters, Globefill immediately filed a preliminary injunction motion to prevent the launch of the KAH brand. Brandi's company had no income (because its product had not yet launched), no money, and was incurring enormous legal fees to defend itself.

16. By May 2010, Elements was facing imminent closure. Facing a total loss of the business, Brandi sought help from Federico Cabo, a consultant for the distillery (FINOS) that had agreed to supply the tequila for KAH. To assist Elements and Brandi, Mr. Cabo informed his business acquaintance, Timothy Owens, of Elements' situation and of the opportunity to invest in Elements. Despite the enormous risk of a pending lawsuit filed by the company of a wealthy celebrity, Mr. Owens, through his entity, Worldwide Spirits, Inc., ("Worldwide Spirits") agreed to invest in Elements in exchange for 51% of Elements' shares.

17. Desperate for funds to defend herself, Elements, and the KAH Tequila bottles against Globefill's lawsuit, and to keep Elements operational, in or about

NEUFELD MARKS
A PROFESSIONAL CORPORATION
315 W. 9th Street • Suite 501 • Los Angeles, California 90015
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

NEUFELD MARKS
A PROFESSIONAL CORPORATION
315 W. 9th Street • Suite 501 • Los Angeles, California 90015
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

1    June 2010, Brandi, as CEO of Elements, sold 51% of the outstanding shares of

2    Elements to Worldwide Spirits, Inc.  After selling a controlling interest in the

3    company, Brandi remained as president until April 2011.

4         18.    After filing its initial complaint, Globefill amended its complaint

5    immediately and then continued to aggressively litigate its trade dress infringement

6    claims in an attempt to force Elements out of business and to prevent the sales of the

7    KAH Tequila bottles.  Elements opposed Globefill's Motion for a Preliminary

8    Injunction and Elements filed a Motion to Dismiss Globefill's First Amended

9    Complaint, which the District Court granted on June 22, 2010.  Globefill was

10   granted leave to amend its complaint and filed a Second Amended Complaint on

11   June 28, 2010, along with another Motion for Preliminary Injunction.  Elements

12   again filed a Motion to Dismiss the Second Amended Complaint which was granted

13   by the District Court on December 13, 2010.  Globefill filed an appeal of that

14   dismissal to the Ninth Circuit.

15        19.    After the Motion to Dismiss was granted by the District Court,

16   Elements launched the KAH brand, started promoting it at events and in magazines,

17   and sales began of the KAH Tequila bottles.  Attached hereto as **Exhibit 4** is a true

18   and correct copy of one of the initial advertisements run by Elements for the KAH

19   product which appeared in Issue 3 of the Liquid Living magazine. This

20   advertisement featured a skeleton, holding a cocktail, with the phrase "Spirit of the

21   After Party" appearing as a tag line, and images of the KAH Tequila bottles in the

22   right hand corner.  This advertisement was used in several places to promote the

23   brand, and was also featured on the website.  Attached hereto as **Exhibit 5** are true

24   and correct copies of pictures of the KAH product packaging.  KAH Tequila offers

25   several different types of tequila including blanco (white bottle), reposado (yellow

26   bottle), anejo (black bottle) and extra anejo (black bottle with jewel-like

27   adornments).

28   / / /

20.     The launch of KAH was successful, but the Globefill litigation continued to plague Elements as the Ninth Circuit was considering Globefill's appeal and Globefill continued to litigate aggressively.  To succeed, Elements needed additional funds to combat Globefill.  Elements realized that if it were going to fight and survive the costly legal battle with Globefill, Elements would need to secure another source of funding to help pay for the substantial legal expenses since it was just beginning to launch its brand and had no income and very little money. Elements therefore sought the assistance of Fabrica de Tequilas Finos, S.A. de C.V. ("FINOS"), the Mexican distillery that was to manufacture the KAH Tequila. FINOS agreed to fund the Elements litigation if Elements would assign the trademark in KAH to FINOS so that FINOS could begin selling the product both in the United States and abroad.  Consequently, in October 2010, Elements entered into a Trademark Assignment and Royalty Agreement with FINOS.  Pursuant to this agreement, FINOS was granted the rights to the KAH trademark in exchange for an 8% royalty rate, which would then be offset by certain expenses, which included the legal fees to defend the Globefill litigation.  In other words, FINOS agreed to advance funds to Elements to defend itself in the Globefill litigation, but FINOS would be repaid the funds it advanced over time from the 8% royalty rate.  FINOS was the only entity willing to fund that enormous expense because of the uncertainty of success of an unestablished brand, and the uncertainty of having a brand with a pending trade dress infringement claim (which could ultimately shut down sales in the United States).

21.     FINOS then began to facilitate the manufacturing, filling of orders and shipping of orders of KAH Tequila into the United States.  However, liquor laws of the United States require that liquor sold from a foreign country be brought into the United States through a licensed import company before such liquor can be sold in the United States.  As such, FINOS contracted with plaintiff WBI to import KAH

/ / /

NEUFELD MARKS
A PROFESSIONAL CORPORATION
315 W. 9th Street • Suite 501 • Los Angeles, California 90015
Telephone: (213) 625-2625   •   Facsimile: (213) 625-2650

tequila.   Meanwhile, Elements continued to defend KAH Tequila in the Globefill trade dress infringement litigation.

22.     In early 2011, the relationship between Brandi and Elements became increasingly strained, and she was removed as an officer and director of Elements in April 2011.  Brandi objected to her removal and immediately attempted to create a shadow board of directors for Elements in an attempt to retain control.

23.     Unbeknownst to Elements, in August 2011, after being removed from the board of directors at Elements, Brandi filed for copyrights on intellectual property rights of Elements in her own name.  Those copyrights were registered as United States Copyright Registration Nos. VA 1-787-771 (titled Spider Calavera), VA 1-787-767 (Muertos Calavera), VA 1-787-670 (DOD Logos), VA 1-793-491 (Diablo), and VAu 1-079-114 (Calavera Prototype).

24.     Meanwhile, the Ninth Circuit Court of Appeal reversed the dismissal of Globefill's claims in June 2012 and the Globefill trade dress litigation continued in the District Court.  Brandi and Elements were both defendants in the action.

25.     In November 2013, right before the jury trial in the Globefill litigation, Elements, Brandi, and Globefill participated in a mediation before the Honorable Justice Edward Wallin, retired California State Appellate Justice with the Court of Appeal, Fourth District, Division 3.  Although Elements, Brandi and Globefill were not able to resolve their differences globally at this mediation, Elements and Brandi were able to resolve their differences with one another through a separate break-out session at the mediation.  As a result, Elements and Brandi entered into a Binding Agreement, in which, pursuant to paragraph 12, Brandi granted Elements "a permanent, worldwide, exclusive, royalty-free license in any and all copyrights owned by Brandi relating to skull-shaped bottles and/or the KAH brand."  A true and correct copy of this Binding Agreement is attached hereto as **Exhibit 6**.

26.     The Globefill litigation continued to a trial by jury in November/December 2013, whereby the jury found that Elements and Brandi did

NEUFELD MARKS
A PROFESSIONAL CORPORATION
315 W. 9th Street • Suite 501 • Los Angeles, California 90015
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

not infringe on Globefill's trade dress rights.  An appeal has been filed by Globefill, and Elements continues to incur significant legal expenses, which are paid by FINOS, to defend itself in that appeal.  The legal expenses for this trade dress infringement litigation are already in the millions of dollars range due to the aggressive nature of Globefill's litigation tactics.

27.     In May 2014, there was also a bench trial held in the Ventura County Superior Court for the litigation entitled *Vilela v. Elements Spirits*, et al., Case No.56-2012-00418078, between Elements and an initial investor in Elements, Johnny Vilela.  In that litigation, Mr. Vilela sought the return of his $250,000 investment in Elements which was provided to Brandi before she sold 51% of the company to Worldwide Spirits.  Mr. Vilela initially named Brandi as a defendant, but on the eve of trial dismissed Brandi, who then testified as a witness for him in the litigation.  The Superior Court found in favor of Elements in that litigation, and in paragraph 6 of its ruling, explained that the assignment of the trademark from Elements to FINOS was a rational and reasonable business decision and "clearly well within the 'business judgment' rule."   A true and correct copy of the court's ruling on the trial in that matter is attached hereto as **Exhibit 7**.

28.     In or about October 2014, Elements became aware that Brandi was looking to launch a new brand of tequila called "Sangre De Vida,"[1] housed in bottles that were virtually identical to the KAH brand.

29.     Elements sent Brandi and her lawyer a cease and desist letter dated October 10, 2014, advising her that this supposed "new" tequila brand, if packaged in bottles resembling the KAH Tequila bottles, would infringe on the intellectual

---

[1]  Plaintiffs are informed and believe that Sangre De Vida ("Blood of Life") is also known as SDV tequila but, for purposes of this Complaint, Plaintiffs will refer to it as Sangre De Vida.  Any reference in this Complaint to Sangre De Vida is also a reference to SDV tequila.

NEUFELD MARKS
A PROFESSIONAL CORPORATION
315 W. 9th Street • Suite 501 • Los Angeles, California 90015
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

property rights of Elements, FINOS and WBI.  The October 10, 2014 cease and desist letter also reminded Brandi of her obligations under the Binding Agreement signed before the Honorable Justice Wallin.

30.   Brandi, through her counsel, responded to the October 10, 2014 cease and desist letter by simply alleging that the Binding Agreement was terminated due to breaches by Elements, without specifying any of the alleged breaches.  The lack of specificity about the alleged breaches corroborated Elements' view of the matter: there were no breaches on the part of Elements.  In any event, Elements responded to these allegations with another letter informing Brandi that the Binding Agreement provided for any disputes regarding the Agreement to be resolved by arbitration before Justice Wallin.  Elements reserved all of its rights, reaffirmed that the Binding Agreement was still in effect, and demanded again that Brandi cease and desist from the marketing and promotion of Sangre De Vida.

31.   Elements continued to monitor the promotion of Sangre de Vida tequila and did not detect any further promotion of the brand in December 2014 or January 2015.  To Elements' knowledge, Sangre de Vida did not appear in the marketplace during this time, and there were no further postings on social media or at Brandi's website, www.sdvtequila.com, that caused Elements to believe that Brandi was going to bring the product to market.  Elements was hopeful that Brandi had realized that she did not have the right to produce Sangre De Vida, and that the dispute was going to resolve without further legal action.

32.   Unfortunately, in mid to late February 2015, Elements was made aware that Brandi sent several cease and desist letters to various distributors of KAH Tequila, alleging that *she* owns the copyrights to photographs, 2D artwork, and sculpture of the KAH Tequila bottles, and demanding that these distributors "cease and desist the marketing and selling of any and all unauthorized uses of my copyrighted work."  Elements immediately responded with another cease and desist letter, reminding Brandi once more that she is not the owner of the copyrights, and

NEUFELD MARKS
A PROFESSIONAL CORPORATION
315 W. 9th Street • Suite 501 • Los Angeles, California 90015
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

NEUFELD MARKS
A PROFESSIONAL CORPORATION
315 W. 9th Street • Suite 501 • Los Angeles, California 90015
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

1   that she must comply with her obligations under the Binding Agreement.  Elements

2   further demanded that Brandi and Iconic cease and desist from promoting the

3   Sangre De Vida tequila brand, which infringes on the intellectual property rights of

4   Elements, WBI, and FINOS due to its packaging in virtually identical bottles.

5        33.   In February 2015, Plaintiffs were still hopeful that the issues with

6   Brandi and Iconic could be resolved without litigation.  However, at the end of

7   March 2015, Plaintiffs discovered that Defendants sent a follow-up cease and desist

8   letter to the distributor of KAH Tequila in California, Wine Warehouse.  This

9   follow-up cease and desist letter asserted that Brandi owns the copyrights and that

10  the Binding Agreement was terminated.  Further, this letter invited Wine Warehouse

11  to meet with Brandi, her lawyer, and Iconic at the Annual Wine and Spirits

12  Wholesalers of America Convention in Orlando, Florida, during the week of April

13  12, 2015.

14       34.   Plaintiffs further learned that Brandi intended to promote her new

15  brand at a trade show in Las Vegas, Nevada called the 2015 Nightclub & Bar

16  Convention & Trade Show.  Upon learning of the letter to Wine Warehouse, and

17  Brandi's intention to appear at the 2015 Nightclub & Bar Convention & Trade Show

18  in Las Vegas to promote Sangre De Vida, Elements made one final effort to resolve

19  this matter short of litigation and sent Brandi, through her attorney Jon Miller,

20  another cease and desist letter.  A true and correct copy of that letter is attached

21  hereto as **Exhibit 8**.

22       35.   Brandi did not respond to this letter, and she did promote Sangre De

23  Vida at the 2015 Nightclub & Bar Convention & Trade Show in Las Vegas.

24  Attached hereto as **Exhibit 9** is a true and correct copy of the Exhibitor Profile of

25  Iconic Brands, Inc. from the 2015 Nightclub & Bar Convention & Trade Show

26  website.  This profile specifies that one of the brands that Iconic was promoting at

27  the trade show was Sangre De Vida tequila.  Also attached as **Exhibit 10** are true

28  and correct copies of pictures of Iconic's booth and its promotion of Sangre De Vida

at the 2015 Nightclub & Bar Convention & Trade Show.

36.     Defendants know that the intellectual property rights of Plaintiffs are being infringed upon, and yet they continue to knowingly and intentionally violate those rights by promoting and selling the Sangre De Vida tequila brand in bottles which are confusingly similar to the KAH Tequila bottles.

37.     Further, Defendants egregiously are using the same image that was previously used by Elements to promote KAH Tequila to promote Sangre De Vida tequila, with very minor alterations. Attached hereto as **Exhibit 11** is a true and correct copy of the image promoting Sangre De Vida which is substantially similar to the **Exhibit 4** image used to promote KAH Tequila in late 2010 or early 2011.

## COUNT I

### FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN IN THE NATURE OF TRADE DRESS INFRINGEMENT IN VIOLATION OF THE LANHAM ACT §43(a); 15 U.S.C. §1125(a)

38.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 37 inclusive, as if fully set forth herein.

39.     Plaintiffs product packaging, consisting of a calavera shaped bottle with Day of the Dead inspired designs, is inherently distinctive and non-functional.

40.     Plaintiffs product packaging for KAH Tequila and Defendants' Sangre De Vida product packaging are confusingly similar.  Both Plaintiffs and Defendants' product packaging are for the same liquor (tequila), in the same proof (blanco at 80 proof, reposado at 110 proof, and anejo at 80 proof), travel in identical channels of trade, and consist of near identical calavera styled bottles.

41.     Defendants' use of calavera product packaging, with Day of the Dead designs, that is nearly identical to Plaintiffs' calavera product packaging with Day of the Dead designs, is likely to cause confusion, to cause mistake, or to deceive purchasers and potential purchasers and members of the public as to an affiliation, connection or association between Defendants and their tequila and Plaintiffs' tequila.  The use of nearly identical product packaging by Defendants will cause

NEUFELD MARKS
A PROFESSIONAL CORPORATION
315 W. 9th Street • Suite 501 • Los Angeles, California 90015
Telephone: (213) 625-2625  •  Facsimile: (213) 625-2650

purchasers of the Defendants' tequila to believe that the product originated with the Plaintiffs, who have expended considerable sums in promotion of its KAH calavera product packaging as a symbol of quality and an indication of origin for the tequila it sells to the public.

42.    This likelihood of confusion caused by Defendants' use of a nearly identical calavera product packaging was not authorized by Plaintiffs.

43.    Defendants' actions demonstrate an intentional and willful intent to trade upon the goodwill associated with the award winning KAH brand.

44.    Defendants' use and promotion of their tequila in the similar calavera product packaging trade dress in association with a competing tequila product constitutes unfair competition and a false designation of origin that is likely to deceive customers and prospective customers concerning the source of Defendants' products, in violation of §43 of the Lanham Act, 15 U.S.C. §1125(a).

45.    Defendants' actions are likely to cause confusion or mistake among the public as to the true origin and sponsorship of Defendants' products, and to confuse the public into believing that Defendants' products are somehow associated with Plaintiffs, in violation of section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

46.    Plaintiffs have been continuously using in commerce their trade dress (bottles in the shape of a calavera) since at least March 2010.  This product packaging has become distinctive in the minds of purchasers of Plaintiffs' KAH Tequila product as being associated exclusively with KAH.  The nearly identical product packaging being used by Defendants was made to intentionally look like the packaging of Plaintiffs providing the immediate commercial impression that goods bearing the calavera product packaging emanated from Plaintiffs.  The use of Defendants' product packaging in the United States thus constitutes a false designation of origin and is intentionally designed to deceive and has deceived customers and prospective customers into believing that the tequila is associated

/ / /

NEUFELD MARKS
A PROFESSIONAL CORPORATION
315 W. 9th Street • Suite 501 • Los Angeles, California 90015
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

NEUFELD MARKS
A PROFESSIONAL CORPORATION
315 W. 9ᵗʰ Street • Suite 501 • Los Angeles, California 90015
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

with Plaintiffs, and, as a consequence, is likely to divert and has diverted customers away from Plaintiffs.

47.     Plaintiffs are being and will continue to be damaged by Defendants' acts of unfair competition in the nature of trade dress infringement and other acts of false designation and representations relevant thereto because they are resulting in and, unless enjoined by this Court, will continue to result in confusion among the purchasing public and the trade as to the true affiliation, connection, association, origin, sponsorship or approval of Defendants' goods.

48.     Upon information and belief, all of the acts complained of herein by Defendant Iconic were and are under the direction and control of Defendant Brandi.

49.     By the aforesaid acts, Defendants have falsely designated the origin, quality and nature of their goods and business and have falsely described and represented same, causing likelihood of confusion and constituting unfair competition in the nature of trade dress infringement in violation of Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)).  Unless enjoined by this Court from so doing, Defendants will continue to engage in their acts of unfair competition and false representation and designation as complained herein, to the irreparable damage and injury of Plaintiffs.

50.     Defendants should be held jointly and severally liable for all the damages their acts have caused Plaintiffs.

## COUNT II

## COMMON LAW TRADEMARK INFRINGEMENT

51.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 50 inclusive, as if fully set forth herein.

52.     This Count is an action for common law trademark infringement and is separate and independent of the causes of action set forth in Count I, but is between the same parties and is based on the same operative facts as set forth in paragraphs 1 through 49 above.

NEUFELD MARKS
A PROFESSIONAL CORPORATION
315 W. 9th Street • Suite 501 • Los Angeles, California 90015
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

53.     Plaintiffs own and enjoy common law trademark rights in the overall commercial impression and presentation of the Day of the Dead calavera shaped product packaging (trade dress) they use, in California and throughout the United States, in conjunction with the sale of tequila, which rights are superior to any rights that Defendants may claim in and to said trade dress with respect to the manufacture and sale of tequila.

54.     The sale by Defendants of tequila bearing the aforementioned trade dress in the State of California, and elsewhere throughout the United States, is likely to cause and has caused confusion as to the source of their different and lower quality tequila in that purchasers thereof will be likely to associate or have associated such products as originating with Plaintiffs, all to the detriment of the Plaintiffs.

55.     Defendants' infringement will continue unless enjoined by this court.

56.     Defendants should be held jointly and severally liable for all the damages their acts have caused Plaintiffs.

## COUNT III

## UNFAIR TRADE PRACTICES- UNFAIR COMPETITION

57.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 56 inclusive, as if fully set forth herein.

58.     This is an action for unfair competition and unfair and deceptive acts and practices in the conduct of commerce arising under California Business and Professions Code Section 17200 *et seq.*  This court has pendent jurisdiction pursuant to 28 U.S.C. §1338(b).

59.     The acts of Defendants, as aforesaid, constitute unlawful, unfair, and/or deceptive acts designed to unfairly compete with and usurp Plaintiffs' business in the alcoholic beverage industry, specifically in the category of tequila.  These acts include without limitation Defendants' delivery of cease and desist letters to various distributors of KAH Tequila product, whereby Defendants knowingly, intentionally,

wrongfully and unlawfully stated that Brandi owned the copyrights to photographs, 2D artwork, and sculpture of KAH Tequila product, and that distributors must "cease and desist the marketing and selling of any and all unauthorized use of [her] copyrighted work," even though Brandi had already granted "a permanent, worldwide, exclusive, royalty-free license in any and all copyrights owned by Brandi relating to skull-shaped bottles and/or the KAH brand" pursuant to a Binding Agreement with Elements.  As a result of Defendants' actions, which in and of themselves constitute tortious interference with Plaintiffs' contractual relations and business expectancy, at least one distributor in receipt of Brandi's cease and desist letter ceased selling KAH Tequila bottle products for a period of time, and other distributors in receipt of Brandi's cease and desist letter also have threatened to cease selling KAH Tequila bottle product.  Furthermore, Brandi and Iconic have promoted and continue to promote Sangre De Vida tequila, which product looks nearly identical to KAH Tequila brand product, and have used a nearly identical image previously used by KAH Tequila to promote the Sangre De Vida tequila product, thereby knowingly and intentionally infringing on Defendants' intellectual property rights and interests pursuant to the Binding Agreement executed by Brandi. All of said acts are and were designed to maliciously injure Plaintiffs so that they could not continue in the business of the manufacture and sale of tequila, all to the benefit and unjust enrichment of the Defendants.

60.    Plaintiffs have sent numerous cease and desist letters to Defendants, demanding that Defendants cease and desist with their unlawful and wrongful actions as aforementioned.

61.    Defendants have failed and refused, and continue to fail and refuse to cease and desist from their unlawful and wrongful actions, leaving Defendants with no alternative but to file the instant lawsuit and seek appropriate relief through judicial means.

/ / /

NEUFELD MARKS
A PROFESSIONAL CORPORATION
315 W. 9th Street • Suite 501 • Los Angeles, California 90015
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

NEUFELD MARKS
A PROFESSIONAL CORPORATION
315 W. 9th Street • Suite 501 • Los Angeles, California 90015
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

62.    As a direct and proximate consequence of the acts of Defendants, and each of them, Plaintiffs have suffered substantial damages.  Plaintiffs have suffered substantial damages and stand to suffer even more damages insofar as distributors of KAH Tequila have ceased and/or threatened to cease marketing and selling KAH Tequila to its customers.  Plaintiffs have additionally suffered significant damages and stand to suffer even more damages as a result of Defendants' misleading and deceptive advertising of the Sangre de Vida tequila product, which is nearly identical to the KAH Tequila product, and by Defendant's infringement of Plaintiffs' intellectual property rights in their promotion and sale of the Sangre de Vida tequila product.

63.    Defendants' continuing wrongful conduct as alleged above, unless and until restrained by order of this court, will cause great and irreparable harm to Plaintiffs.  Plaintiffs have no adequate remedy at law for the injuries currently being suffered or which will result in the future from Defendants' continued wrongful conduct.  In addition, damages flowing from Defendants' wrongful conduct as set forth in above are difficult if not impossible to ascertain.  Accordingly, Plaintiffs request this court to  permanently enjoin Defendants from any further unlawful, unfair, and/or deceptive trade practices by precluding them from aiding or participating in any manner whatsoever in the sale of tequila in confusingly similar product packaging as that of the Plaintiffs, and from any further publication and/or dissemination of similarly false and wrongful statements made by Defendants claiming Brandi's ownership of copyrights to photographs, 2D artwork, and sculpture of KAH Tequila product as stated in the aforementioned cease and desist letters, and to order the Defendants to disgorge any and all profits they have made from their unlawful and wrongful actions.  Further, Defendants should be held jointly and severally liable for the damages their acts have caused the Plaintiffs for the loss of any and all business opportunities and for pecuniary damages attributed to the loss of sales by Plaintiffs.

NEUFELD MARKS
A PROFESSIONAL CORPORATION
315 W. 9th Street • Suite 501 • Los Angeles, California 90015
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

## COUNT IV

## INTENTIONAL INTERFERENCE WITH BUSINESS EXPECTANCY AND CONTRACTUAL RELATIONS

64.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 63 inclusive, as if fully set forth herein. This court has pendent jurisdiction pursuant to 28 U.S.C. §1338(b).

65.     This Count states a cause of action for interference with business expectancy and contractual obligations of the Plaintiffs by the Defendants.

66.     At all relevant times herein, WBI has had contractual relationships with various distributors to distribute KAH Tequila product.

67.     Plaintiffs are informed and believe, and based thereon allege, that since around February and March 2015, Brandi has sent cease and desist letters to various distributors of KAH Tequila product including but not limited to Aveniu Brands and the Wine Warehouse in California, alleging that she owns the copyrights to photographs, 2D artwork, and sculpture of KAH Tequila product, and demanding that distributors must "cease and desist the marketing and selling of any and all unauthorized use of [her] copyrighted work."

68.     Brandi knew that the above-described contractual relationships existed between WBI and distributors of KAH Tequila product at the time of her cease and desist letters, and that her statements in the February and March 2015 cease and desist letters sent to KAH Tequila distributors were unsubstantiated, wrongful, and false because she had already granted to Elements in November 2013 "a permanent, worldwide, exclusive, royalty-free license in any and all copyrights owned by Brandi relating to skull-shaped bottles and/or the KAH brand" pursuant to the Binding Agreement.

69.     As a direct and proximate consequence of Brandi's actions, at least one KAH Tequila distributor in receipt of Brandi's cease and desist letter ceased selling KAH Tequila bottle product for a period of time, and other distributors in receipt of

NEUFELD MARKS
A PROFESSIONAL CORPORATION
315 W. 9th Street • Suite 501 • Los Angeles, California 90015
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

1  Brandi's cease and desist letter have threatened to cease selling KAH Tequila bottle

2  product, resulting in substantial damages to Plaintiffs.

3        70.    The aforementioned conduct of Brandi was willful, intentional,

4  absolutely despicable, and committed with malice and oppression toward, and in

5  conscious disregard of, Plaintiffs' rights, and has subjected Plaintiffs to unjust

6  hardship.  Plaintiffs are therefore entitled to an award of punitive damages, in an

7  amount to be determined at trial, sufficient to make an example of Brandi for the

8  wrongful conduct alleged herein.

9        71.    Brandi threatens to, and unless restrained, will, disrupt the contractual

10  relationships between WBI and its distributors of KAH Tequila, as well as its non-

11  contractual economic relationships with other distributors of tequila in the

12  marketplace.  Therefore, Plaintiffs requests that the court permanently enjoin

13  Defendants from making any further misrepresentations to or otherwise harassing

14  distributors of KAH Tequila regarding Brandi's purported ownership of copyrights

15  relating to KAH Tequila product, and Brandi's demand that distributors and other

16  third parties cease and desist selling KAH Tequila product.

17  **COUNT V**

18  **DECLARATORY RELIEF PURSUANT TO 28 U.S.C. §2201 THAT**
**PLAINTIFFS ARE NOT INFRINGING ON COPYRIGHT REGISTRATION**

19  **NUMBERS VA 1-787-771, VA 1-787-767, VA 1-787-670, VA 1-793-491, and**
**VAu 1-079-114, AND/OR THAT SAID REGISTRATIONS ARE INVALID AS**

20  **A MATTER OF LAW**

21        72.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through

22  71 inclusive, as if fully set forth herein. This court has pendent jurisdiction pursuant

23  to 28 U.S.C. §1338(a) & (b) and jurisdiction pursuant to 28 U.S.C. §1367.

24        73.    There is a ripe, current, and justiciable case and controversy between

25  Plaintiffs and Defendants relating to their ongoing legal rights and obligations

26  regarding the Binding Agreement entered into by Brandi and Elements in November

27  2013 and regarding ownership and validity of United States Copyright Registration

28  / / /

1   Nos. VA 1-787-771, VA 1-787-767, VA 1-787-670, VA 1-793-491, and VAu 1-

2   079-114.

3   74.   Brandi was the former President of Elements, and in that capacity, she

4   helped develop and launch the KAH brand for Elements, including procuring the

5   Elements trade dress consisting of the calavera shaped bottle with Day of the Dead

6   designs.  Brandi, as President of Elements, hired Sandra Lugo and Javier Gonzalez

7   to create artwork to be used on the calavera bottles, and entered into agreements

8   with Ms. Lugo and Mr. Gonzalez specifying that "[a]ll work created by [Lugo and

9   Gonzalez] will be done as work made for hire and all copyrights in such work will

10  be the sole and exclusive property of Elements."  (**See Exhibit 1**.)

11  75.   Brandi was removed as an officer and director of Elements in April

12  2011.  Despite knowing that Elements was the true owner of all intellectual property

13  associated with the bottle and the artwork -- specifically including copyrights -- and

14  despite knowing that Elements had been using the material in commerce since

15  starting to promote the KAH brand at least as early as March 2010, Brandi sought

16  copyrights in her own name on or about August 11 or 12, 2011 under United States

17  Copyright Registration Numbers VA 1-787-771, VA 1-787-767, VA 1-787-670, VA

18  1-793-491, and VAu 1-079-114 ("disputed copyrights").  This was done without the

19  knowledge or consent of Elements, the owner of the intellectual property, and

20  eventually the disputed copyrights were issued without Elements' knowledge.

21  Elements did not learn of the copyrights until mid-to late 2013.

22  76.   Elements and Brandi were co-defendants in the Globefill litigation, and

23  all attempts were made to resolve their differences so that, as co-defendants,

24  Elements and Brandi could work together to ensure the KAH brand prevailed at trial

25  against Globefill.  Despite believing that Brandi had no right to the disputed

26  copyrights, in the interests of resolving the on-going disputes between Brandi and

27  Elements before the Globefill jury trial began, Elements entered into the Binding

28  Agreement with Brandi in November 2013.  Pursuant to this Binding Agreement,

NEUFELD MARKS
A PROFESSIONAL CORPORATION
315 W. 9th Street • Suite 501 • Los Angeles, California 90015
Telephone: (213) 625-2625  •  Facsimile: (213) 625-2650

Brandi granted Elements "a permanent, worldwide, exclusive, royalty-free license in any and all copyrights owned by Brandi relating to skull-shaped bottles and/or the KAH brand."  (Exhibit 6 at ¶ 12.)

77.     Elements has complied with all its obligations under the Binding Agreement, and has offered to attend arbitration with Retired Justice Wallin, as the Agreement provides.  Brandi has refused to cooperate and has asserted to both Elements and third-parties that the Binding Agreement has somehow been terminated, without specifying how or why.

78.     Elements contends that the Binding Agreement is still in force and effect, and that Elements still has "a permanent, worldwide, exclusive, royalty-free license in any and all copyrights owned by Brandi relating to skull-shaped bottles and/or the KAH brand."  Elements contends that Defendants are bound by the Binding Agreement, and that Defendants are not allowed, directly or indirectly, to assert that Elements is infringing on the copyrights, which it has the exclusive right to use.  Elements further contends that the copyrights are invalid as a matter of law because, inter alia, the copyrighted material, if any, was developed as "work for hire" by, and is and has always been owned by, Elements.  Defendants deny these allegations.

79.     Elements is in urgent need of an immediate judicial declaration of its rights under the Binding Agreement and as to the validity of the disputed copyrights, and for an injunction that Defendants cannot make any statements alleging that Defendants own the aforesaid copyrights and that they are valid; and that Defendants cannot make any statements alleging Elements, WBI or FINOS are in violation of any copyrights owned by Brandi relating to skull-shaped bottles and/or the KAH brand.  Further, Defendants must be enjoined from any interference with Plaintiffs' contractual relations regarding the KAH brand.

/ / /

/ / /

NEUFELD MARKS
A PROFESSIONAL CORPORATION
315 W. 9th Street • Suite 501 • Los Angeles, California 90015
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

21

NEUFELD MARKS
A PROFESSIONAL CORPORATION
315 W. 9th Street • Suite 501 • Los Angeles, California 90015
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

## COUNT VI

## BREACH OF CONTRACT

80.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 77 inclusive, as if fully set forth herein.

81.     A binding, enforceable written agreement, entered in mediation under the auspices of Retired Justice Wallin, exists between Elements and Brandi.  A true and correct copy thereof is attached as **Exhibit 6.**

82.     Elements has performed all of its obligations under the contract.

83.     Brandi has breached the agreement by, *inter alia,* failing and refusing to provide Elements with rights in the purported copyrights referred to herein; claiming said copyrights for herself; and using said copyrights to orchestrate a campaign of illegal competition against Elements and the other plaintiffs, as set forth hereinabove.

84.     Plaintiffs have been damages by the conduct of Brandi, as set forth above, in an amount to be proven at trial.

WHEREFORE, PLAINTIFFS PRAY:

1. That a preliminary and permanent injunction issue restraining both Defendants, their agents, servants, employees, successors, and assigns and all others in concert and privity with them from utilizing product packaging in a calavera shaped bottle, or any derivative thereof, or any bottle similar thereto, in connection with the sale of any alcoholic beverage, which would give rise to a likelihood of confusion as to the source of such alcoholic beverage as those being sold by Plaintiffs; from soliciting any business under said marks; from passing itself off as being associated with the Plaintiffs; from registering in its own name any of these marks; and from committing any other unfair business practices directed towards obtaining for itself the business and customers of the Plaintiff;

/ / /

2. That Defendants be enjoined from use in connection with the sale of alcoholic beverages any trade dress which would associate the products sold by Defendants as those emanating from the Plaintiffs, and more particularly, any bottles in a calavera shaped packaging with Day of the Dead inspired designs;

3. That Defendants be ordered to surrender for destruction all products, bottles, advertisements, and other materials constituting a false designation of origin of Defendants' tequila, and that any registration obtained by Defendants of any of said aforementioned trademarks be cancelled and declared null and void;

4. That Defendants be required to pay the Plaintiffs the Defendants' profits and the actual damages suffered by Plaintiffs as a result of Defendants' acts, for an accounting, and that such damages be trebled pursuant to 15 U.S.C. §1117 because of the willful acts described herein in disregard of Plaintiffs' rights;

5. For a declaration of rights under the Binding Agreement and as to the validity of the disputed copyrights, and that Defendants be enjoined from making any statements alleging that Plaintiffs are in any way interfering or infringing on any copyrights relating to skull-shaped bottles or the KAH brand;

6. That Defendants be compelled to pay Plaintiffs' attorney's fees, together with all costs of this suit; and

7. For such other and further relief as may be just and equitable.

DATED:  April 10, 2015          NEUFELD MARKS
                                  A Professional Corporation
                                Timothy L. Neufeld
                                Paul S. Marks
                                Erin E. Brady


                                By: /s/ Erin E. Brady
                                    Erin E. Brady
                                    Attorneys for plaintiffs

NEUFELD MARKS
A PROFESSIONAL CORPORATION
315 W. 9th Street • Suite 501 • Los Angeles, California 90015
Telephone: (213) 625-2625  •  Facsimile: (213) 625-2650

1

# <u>DEMAND FOR JURY TRIAL</u>

2      Plaintiffs demand a jury trial.

3   DATED:  April 10, 2015          NEUFELD MARKS
                                    A Professional Corporation
4

5
                                    By:  /s/ Erin E. Brady
6                                        Erin E. Brady
                                         Attorneys for plaintiffs
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NEUFELD MARKS
A PROFESSIONAL CORPORATION
315 W. 9th Street • Suite 501 • Los Angeles, California 90015
Telephone: (213) 625-2625 • Facsimile: (213) 625-2650

207949.1

COMPLAINT