**MILLER JOHNSON LAW**
Jon B. Miller, Esq. (SBN 099070)
jonbmiller@sbcglobal.net
Scott A. Johnson, Esq. (SBN 099024)
scottajohnson55@msn.com
427 C Street, Suite 410
San Diego, CA  92101
T: (619) 232-0086 / F: (619) 232-0089

Attorneys for Defendants: ICONIC BRANDS,
INC. and GRACE KIM BRANDI

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELEMENTS SPIRITS, INC., a California Corporation, FABRICA DE TEQUILAS FINOS S.A. DE C.V., a Mexican Corporation and WORLDWIDE BEVERAGE IMPORTS, LLC, a Nevada limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> ICONIC BRANDS, INC., a California corporation, GRACE KIM BRANDI, an individual, and DOES 1-10, <br><br> Defendants. | Case No. 2:15-cv-02692-DDP-AGR <br><br> **DEFENDANTS ICONIC BRANDS, INC., AND GRACE KIM BRANDI'S ANSWER TO COMPLAINT** <br><br> Judge: Hon. Dean D. Pregerson <br> Courtroom: 3 <br><br> Magistrate: Hon. Alicia G. Rosenberg <br><br> Complaint Filed:  April 10, 2015. <br> Jury Trial Demand: Yes |

Defendants ICONIC BRANDS, INC., and GRACE KIM BRANDI answer

the complaint filed by plaintiffs ELEMENTS SPIRITS, INC., FABRICA DE

TEQUILAS FINOS S.A. DE D.V., and WORLDWIDE BEVERAGE IMPORTS, LLC, in the above-captioned action, and now admit, deny and allege as follows:

### JURISDICTION AND VENUE

1.      Defendants ICONIC BRANDS, INC., and GRACE KIM BRANDI admit that plaintiffs' complaint attempts to allege the claims identified in paragraph 1 of plaintiffs' complaint.

2.      Defendants ICONIC BRANDS, INC., and GRACE KIM BRANDI admit the appropriateness of this Court's jurisdiction over this dispute.

3.      Defendants ICONIC BRANDS, INC., and GRACE KIM BRANDI admit the appropriateness of the Central District of California as the venue of this dispute.

### THE PARTIES

4.      Defendants do not currently have sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of paragraph 4 of plaintiffs' complaint, and on that ground deny each and every such allegation contained therein.  Defendants deny that ELEMENTS is the creator or founder of the KAH brand of tequila, and/or that KAH Tequila was launched in November 2009.

5.      Defendants do not currently have sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of paragraph 5

of plaintiffs' complaint, and on that ground deny each and every allegation contained therein.  Defendants deny the remaining allegations of paragraph 5.

6.     Defendants do not currently have sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 6 of plaintiffs' complaint, and on that ground deny each and every allegation contained therein.

7.     Defendants admit the allegations of paragraph 7 of plaintiffs' complaint.

8.     Defendants deny that BRANDI is a resident of Los Angeles County, and admit the remaining allegations of paragraph 8 of plaintiffs' complaint.

9.     Defendants do not currently have sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9 of plaintiffs' complaint, and on that ground deny each and every allegation contained therein.

10.     Defendants do not currently have sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10 of plaintiffs' complaint, and on that ground deny each and every such allegation.

## STATEMENT OF FACTS

11.     Defendants admit that ELEMENTS was formed in November 2009, and further admit that BRANDI was the founder of ELEMENTS.  Defendants deny the remaining allegations of paragraph 11.

12.     Defendants deny the allegations in paragraph 12 of plaintiffs' complaint.

13.     Defendants admit the allegations in paragraph 13 of plaintiffs' complaint.

14.     Defendants admit the facts alleged in the first two sentences of paragraph 14 of plaintiffs' complaint, admit that Globefill filed the referenced lawsuit, and further admit the loss of one potential investor due to the Globefill litigation.  Defendants deny the remaining allegations of paragraph 14.

15.     Defendants deny the allegations of paragraph 15 of plaintiffs' complaint.

16.     Defendants deny the allegations of paragraph 16 of plaintiffs' complaint.

17.     Defendants admit that BRANDI remained as president of ELEMENTS, and deny the remainder of the allegations in paragraph 17 of plaintiffs' complaint.

18.     Defendants admit the allegations of paragraph 18 of plaintiffs' complaint.

19.     Defendants admit that Exhibit 4 to plaintiffs' complaint is a true and correct copy of an advertisement created by BRANDI that appeared in Issue 3 of Liquid Living Magazine.  Defendants deny the remaining allegations of paragraph 19 of plaintiffs' complaint.

20.     Defendants do not currently have sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 20 of plaintiffs' complaint, and on that ground deny each and every allegation contained therein.

21.     Defendants admit that United States law requires liquor sold from a foreign country to be brought into the United States through a licensed import company before it can be sold in the United States.  Defendants deny the remaining allegations of paragraph 21 of plaintiffs' complaint.

22.     Defendants admit that BRANDI was removed as an officer and director of ELEMENTS in 2011, and that she objected to her removal.  Defendants deny the remaining allegations of paragraph 22 of plaintiffs' complaint.

23.     Defendants admit that defendant BRANDI is the owner of the registered copyrights identified in paragraph 23.  Defendants deny the remainder of the allegations of paragraph 23 of plaintiffs' complaint.

24.     Defendants admit the allegations in paragraph 24 of plaintiffs' complaint.

25.     Defendants admit that they participated in the referenced mediation, that the mediation resulted in the "Binding Agreement," and that Exhibit 6 is a true and correct copy of the Binding Agreement.  Defendants do not currently have sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 25 of plaintiffs' complaint, and on that ground deny each and every such allegation.

26.     Defendants admit the Globefill trial resulted in a defense verdict and has since been appealed.  Defendants do not currently have sufficient knowledge or

information to form a belief as to the truth of the remaining allegations in paragraph 26 of plaintiffs' complaint, and on that ground deny each and every such allegation.

27.     Defendants do not currently have sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 27 of plaintiffs' complaint, and on that ground deny each and every such allegation.

28.     Defendants deny the allegations in paragraph 28 of plaintiffs' complaint.

29.     Defendants do not currently have sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 29 of plaintiffs' complaint, and on that ground deny each and every allegation contained therein.

30.     Defendants admit that BRANDI informed plaintiffs that the Binding Agreement had been terminated; and that plaintiffs sent a letter to defendants regarding the Binding Agreement.  Defendants deny the remaining allegations in paragraph 30 of plaintiffs' complaint.

31.     Defendants do not currently have sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 31 of plaintiffs' complaint, and on that ground deny each and every allegation contained therein.

32.     Defendants do not currently have sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 32 of plaintiffs' complaint, and on that ground deny each and every allegation contained therein.

33.     Defendants admit inviting Wine Warehouse to the annual Wine and Spirits Wholesalers of America convention in Orlando, Florida.  Defendants do not currently have sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 31 of plaintiffs' complaint, and on that ground deny each and every such allegation contained therein.

34.     Defendants admit that Exhibit 8 is a true and correct copy of a letter sent by plaintiffs' counsel.  Defendants do not currently have sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 34 of plaintiffs' complaint, and on that ground deny each and every such allegation contained therein.

35.     Defendants admit that Exhibits 9 and 10 are true and correct copies of photographs taken at the Nightclub and Bar Convention in Las Vegas.  Defendants do not currently have sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 35 of plaintiffs' complaint, and on that ground denies each and every such allegation contained therein.

36.     Defendants deny the allegations in paragraph 36 of plaintiffs' complaint.

37.     Defendants deny the allegations in paragraph 37 of plaintiffs' complaint.

///

## <u>COUNT I</u>
## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN IN THE NATURE OF TRADE DRESS INFRINGEMENT IN VIOLATION OF THE LANHAM ACT §43(a); 15 U.S.C. §1125(a)

38.     Defendants reallege and incorporate by this reference their answer to the preceding paragraphs 1 through 37 as though fully set forth herein.

39.     Defendants do not currently have sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 39 of plaintiffs' complaint, and on that ground deny each and every allegation contained therein.

40.     Defendants do not currently have sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 40 of plaintiffs' complaint, and on that ground deny each and every allegation contained therein.

41.     Defendants do not currently have sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 41 of plaintiffs' complaint, and on that ground deny each and every allegation contained therein.

42.     Defendants do not currently have sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 42 of plaintiffs' complaint, and on that ground deny each and every allegation contained therein.

43.     Defendants deny the allegations in paragraph 43 of plaintiffs' complaint.

44.     Defendants deny the allegations in paragraph 44 of plaintiffs' complaint.

45.     Defendants deny the allegations in paragraph 45 of plaintiffs' complaint.

46.     Defendants deny the allegations in paragraph 46 of plaintiffs' complaint that defendants' product packaging was intentionally made to look like plaintiffs' packaging, and that defendants' packaging constitutes a false designation of origin intentionally designed to deceive.  Defendants do not currently have sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 46 of plaintiffs' complaint, and on that ground deny each and every allegation contained therein.

47.     Defendants deny the allegations in paragraph 47 of plaintiffs' complaint.

48.     Defendants do not currently have sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 48 of plaintiffs' complaint, and on that ground denies each and every allegation contained therein.

49.     Defendants deny the allegations in paragraph 49 of plaintiffs' complaint.

50.     Defendants deny the allegations in paragraph 50 of plaintiffs' complaint.

///

///

## COUNT II
## COMMON LAW TRADEMARK INFRINGEMENT

51.     Defendants reallege a nd incorporate by this reference their answer to the preceding paragraphs 1 through 50 as though fully set forth herein.

52.     Defendants do not currently have sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 52 of plaintiffs' complaint, and on that ground deny each and every allegation contained therein.

53.     Defendants deny the allegations in paragraph 53 of plaintiffs' complaint.

54.     Defendants deny the allegations in paragraph 54 of plaintiffs' complaint.

55.     Defendants deny the allegations in paragraph 55 of plaintiffs' complaint.

56.     Defendants deny the allegations in paragraph 56 of plaintiffs' complaint.

## COUNT III
## UNFAIR TRADE PRACTICES – UNFAIR COMPETITION

57.     Defendants reallege and incorporate by this reference their answer to the preceding paragraphs 1 through 56 as though fully set forth herein.

58.     Defendants do not currently have sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 58 of plaintiffs' complaint, and on that ground deny each and every allegation contained therein.

59.     Defendants deny the allegations in paragraph 59 of plaintiffs' complaint.

60.     Defendants admit that plaintiffs sent cease and desist letters to defendants.  Defendants deny the remaining allegations in paragraph 60 of plaintiffs' complaint.

61.     Defendants deny the allegations in paragraph 61 of plaintiffs' complaint.

62.     Defendants deny the allegations in paragraph 62 of plaintiffs' complaint.

63.     Defendants deny the allegations in paragraph 63 of plaintiffs' complaint.

**COUNT IV**
**INTENTIONAL INTERFERENCE WITH BUSINESS EXPECTANCY AND CONTRACTUAL RELATIONS**

64.     Defendants reallege and incorporate by this reference their answer to the preceding paragraphs 1 through 63 as though fully set forth herein.

65.     Defendants do not currently have sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 65 of plaintiffs' complaint, and on that ground deny each and every allegation contained therein.

66.     Defendants do not currently have sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 66 of plaintiffs' complaint, and on that ground deny each and every allegation contained therein.

67.    Defendants admit that "cease and desist" letters have been sent to Aveniu Brands and the Wine Warehouse.

68.    Defendants deny the allegations in paragraph 68 of plaintiffs' complaint.

69.    Defendants do not currently have sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 69 of plaintiffs' complaint, and on that ground deny each and every allegation contained therein.

70.    Defendants deny the allegations in paragraph 70 of plaintiffs' complaint.

71.    Defendants do not currently have sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 71 of plaintiffs' complaint, and on that ground deny each and every allegation contained therein.

### COUNT V
**DECLARATORY RELIEF PURSUANT TO 28 U.S.C. §2201 THAT PLAINTIFFS ARE NOT INFRINGING ON COPYRIGHT REGISTRATION NUMBERS VA 1-787-771, VA 1-787-767, VA 1-787-670, VA 1-793-491, AND VAu 1-079-114, AND/OR THAT SAID REGISTRATIONS ARE INVALID AS A MATTER OF LAW**

72.    Defendants reallege and incorporate by this reference their answer to the preceding paragraphs 1 through 71 as though fully set forth herein.

73.    Defendants do not currently have sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 73 of plaintiffs' complaint, and on that ground deny each and every allegation contained therein.

74.    Defendants deny the allegations in paragraph 74 of plaintiffs' complaint.

75.    Defendants admit that BRANDI was removed as an officer and director of ELEMENTS in 2011, and that the referenced copyrights were registered in her name.  Defendants do not currently have sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 75 of plaintiffs' complaint, and on that ground deny such allegations.

76.    Defendants do not currently have sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 76 of plaintiffs' complaint, and on that ground deny each and every allegation contained therein.

77.    Defendants deny the allegations in paragraph 77 of plaintiffs' complaint.

78.    Defendants do not currently have sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 78 of plaintiffs' complaint, and on that ground deny each and every allegation contained therein.

79.    Defendants deny the allegations in paragraph 79 of plaintiffs' complaint.

## COUNT VI
## BREACH OF CONTRACT

80.    Defendants reallege and incorporate by this reference their answer to the preceding paragraphs 1 through 79 as though fully set forth herein.

81.     Defendants admit that Exhibit 6 is a true and correct copy of the "Binding Agreement."

82.     Defendants deny the allegations in paragraph 82 of plaintiffs' complaint.

83.     Defendants deny the allegations in paragraph 83 of plaintiffs' complaint.

84.     Defendants deny the allegations in paragraph 84 of plaintiffs' complaint.

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim for Relief)

1.     As and for a first, separate and affirmative defense, these answering defendants allege that the complaint fails to state facts sufficient to constitute a viable claim for relief.

## SECOND AFFIRMATIVE DEFENSE
### (Estoppel)

2.     As and for a second, separate and affirmative defense to each and every claim for relief alleged in the complaint, and without admitting any of its allegations, these answering defendants allege that the plaintiffs are not entitled to the relief prayed for in the complaint, by operation of the doctrine of equitable estoppel.

## THIRD AFFIRMATIVE DEFENSE
### (Waiver)

3.      As and for a third, separate and affirmative defense to each and every claim for relief alleged in the complaint, and without admitting any of its allegations, these answering defendants allege that the plaintiffs, by their own acts and conduct, have waived the right to seek the relief prayed for in the complaint.

## FOURTH AFFIRMATIVE DEFENSE
### (Laches)

4.      As and for a fourth, separate and affirmative defense to each and every claim for relief alleged in the complaint, and without admitting any of its allegations, these answering defendants allege that the plaintiffs are not entitled to the relief prayed for in the complaint, by operation of the equitable doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

5.      As and for a fifth, separate and affirmative defense to each and every claim for relief alleged in the complaint, and without admitting any of its allegations, these answering defendants allege that any recovery against them must be reduced to the extent that plaintiffs have failed to mitigate, minimize and/or avoid their damages.

///

## <u>SIXTH AFFIRMATIVE DEFENSE</u>
### (Statute of Limitations)

6.     As and for a sixth, separate and affirmative defense to each and every claim for relief alleged in the complaint, and without admitting any of its allegations, these answering defendants allege that plaintiffs' claims are barred by the applicable statutes of limitation, including, but not limited to, California Business & Professions Code section 17208 and California Civil Procedure Code section 343.

## <u>SEVENTH AFFIRMATIVE DEFENSE</u>
### (Unclean Hands)

7.     As and for a seventh, separate and affirmative defense to each and every claim for relief alleged in the complaint, and without admitting any of its allegations, these answering defendants allege that the plaintiffs are not entitled to the relief prayed for in the complaint, by operation of the equitable doctrine of unclean hands.

## <u>EIGHTH AFFIRMATIVE DEFENSE</u>
### (Acts of Third Parties)

8.     As and for an eighth, separate and affirmative defense to each and every claim for relief alleged in the complaint, and without admitting any of its allegations, these answering defendants allege that the plaintiffs' damages, if any, were caused by the conduct of third parties, for whom these answering defendants have no liability.

## NINTH AFFIRMATIVE DEFENSE
### (Good Faith)

9.     As and for a ninth, separate and affirmative defense to each and every claim for relief alleged in the complaint, and without admitting any of its allegations, these answering defendants allege that the acts and conduct complained of in the complaint were taken in good faith.

## TENTH AFFIRMATIVE DEFENSE
### (Adequate Remedy At Law)

10.     As and for a tenth, separate and affirmative defense to each and every claim for relief alleged in the complaint, and without admitting any of its allegations, these answering defendants allege that plaintiffs' claims for equitable relief are barred by the existence of adequate remedies at law.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Punitive Damages Unconstitutional)

11.     As and for an eleventh, separate and affirmative defense to each and every claim for relief alleged in the complaint, and without admitting any of its allegations, these answering defendants allege that plaintiffs' claim for punitive damages seeks relief which would violate the United States Constitution and the California State Constitution, to the extent that the imposition of punitive damages may:  (1) constitute a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution, and Article I, Sections 7 and 15, and Article IV, Section 16, of the California State

Constitution; or (2) may constitute an excessive fine in violation of the Eighth

Amendment to the United States Constitution and Article I, Section 17, of the

California State Constitution.

## TWELFTH AFFIRMATIVE DEFENSE
### (Fraud)

12.     As and for a twelfth, separate and affirmative defense to each and every

claim for relief alleged in the complaint, and without admitting any of its

allegations, these answering defendants allege that plaintiffs' complaint, and each

and every cause of action contained therein, is barred by fraud on the part of

plaintiffs.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Justified and Privileged)

13.     As and for a thirteenth, separate and affirmative defense to each and

every claim for relief alleged in the complaint, and without admitting any of its

allegations, these answering defendants allege that their conduct was justified and

privileged under the circumstances.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Infringement on Copyright)

14.     As and for a fourteenth, separate and affirmative defense to each and

every claim for relief alleged in the complaint, and without admitting any of its

allegations, these answering defendants allege that plaintiffs' trademark and/or trade

dress infringed upon defendant BRANDI's registered copyrights.

///

///

## FIFTEENTH AFFIRMATIVE DEFENSE
### (No Damages For Statutory Unfair Competition)

15.    As and for a fifteenth, separate and affirmative defense, these answering defendants allege that plaintiffs' claims for damages or nonrestitutionary disgorgement in their claim for unfair competition under California Business and Professions Code section 17200, et seq., are barred by California law.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Res Judicata)

16.  As and for a sixteenth, separate and affirmative defense to each and every claim for relief alleged in the complaint, and without admitting any of its allegations, these answering defendants allege that plaintiffs' claims related to BRANDI's copyrights have already been adjudicated in BRANDI's favor in a previous and final action, <u>Worldwide Spirits, Inc., Worldwide Beverage Imports, LLC and Elements Spirits, Inc. v. Grace Kim Brandi</u>, Orange County Superior Court Case No.  30-2011-00465209, and are therefore barred by the doctrine of res judicata.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Collateral Estoppel)

17.  As and for a seventeenth, separate and affirmative defense to each and every claim for relief alleged in the complaint, and without admitting any of its allegations, these answering defendants allege that the issues raised in plaintiffs' complaint related to BRANDI's copyrights have already been adjudicated in BRANDI's favor in a previous and final action, <u>Worldwide Spirits, Inc., Worldwide Beverage Imports, LLC and Elements Spirits, Inc. v. Grace Kim Brandi</u>, Orange

County Superior Court Case No.  30-2011-00465209, and are therefore barred by the doctrine of collateral estoppel.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Judicial Admission)

18.  As and for an eighteenth, separate and affirmative defense to each and every claim for relief alleged in the complaint, and without admitting any of its allegations, these answering defendants allege that plaintiffs are bound by their admissions in prior court actions, and cannot take contrary positions in this litigation.


WHEREFORE, DEFENDANTS ICONIC BRANDS, INC., AND GRACE KIM BRANDI pray for judgment as follows:

1.     That plaintiffs be denied all relief requested in their complaint herein;

2.     That defendants recover their costs expended herein, including reasonable attorney's fees; and

3.     For such other and further relief as this Court deems just and proper.


DATED:  May 5, 2015.                     **MILLER JOHNSON LAW**


By:_____*Jon B. Miller*_____
Jon B. Miller, Esq.
Scott A. Johnson, Esq.
Attorneys for Defendants ICONIC BRANDS, INC., and GRACE KIM BRANDI

# **DEMAND FOR JURY TRIAL**

Defendants demand a jury trial.


DATED:  May 5, 2015.                    **MILLER JOHNSON LAW**


By:_____*Jon B. Miller*_____
Jon B. Miller, Esq.
Scott A. Johnson, Esq.
Attorneys for Defendants ICONIC BRANDS,
INC., and GRACE KIM BRANDI