**MILLER JOHNSON LAW**
Jon B. Miller, Esq. (SBN 099070)
jonbmiller@sbcglobal.net
Scott A. Johnson, Esq. (SBN 099024)
scottajohnson55@msn.com
427 C Street, Suite 410
San Diego, CA 92101
T: (619) 232-0086 / F: (619) 232-0089

Attorneys for Defendants/Counterclaimants
ICONIC BRANDS, INC., and GRACE KIM BRANDI

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELEMENTS SPIRITS, INC., a California Corporation, FABRICA DE TEQUILAS FINOS S.A. DE C.V., a Mexican Corporation and WORLDWIDE BEVERAGE IMPORTS, LLC, a Nevada limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> ICONIC BRANDS, INC., a California corporation, GRACE KIM BRANDI, an individual, and DOES 1-10, <br><br> Defendants. | Case No. 2:15-cv-02692-DDP-AGR <br><br> **DEFENDANTS' OPPOSITION TO PLANTIFFS' MOTION FOR PRELIMINARY INJUNCTION** <br><br> Hearing Date: June 1, 2015 <br> Time: 10:00 a.m. <br> Courtroom: 3 <br><br> Judge: Hon. Dean D. Pregerson <br><br> Complaint Filed:  April 10, 2015. |

1 | ICONIC BRANDS, INC., a California
2 | corporation, and GRACE KIM
  | BRANDI, an individual,
3 |
4 |                         Counterclaimants,
  | v.
5 |
6 | ELEMENTS SPIRITS, INC., a
  | California corporation, FABRICA DE
7 | TEQUILAS FINOS S.A. DE C.V., a
8 | Mexican corporation, LUZ MARIA
  | CABO ALVAREZ, an individual,
9 | WORLDWIDE BEVERAGE
  | IMPORTS, LLC, a Nevada limited
10 | liability company, DELIA
  | RODRIGUEZ CABO, an individual,
11 | AVENIU BRANDS, INC., a Maryland
12 | corporation, WINE WAREHOUSE, an
  | unknown business entity, and ROES 1-
13 | 20, inclusive,
14 |
15 |                         Counterdefendants.
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

# <u>TABLE OF CONTENTS</u>

**PAGE**

I.     INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

II.    FACTUAL BACKGROUND  . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

    A.    BRANDI's Creation Of The "Calaveras" Inspired Bottles . . . .   2

    B.    ELEMENTS SPIRITS, INC. Is Created . . . . . . . . . . . . . . . . . .   3

    C.    The Globefill Litigation  . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

    D.    Plaintiffs' Acquisition Of Control Of ELEMENTS  . . . . . . . . .   5

    E.    BRANDI Registers Her Copyrights  . . . . . . . . . . . . . . . . . . . .   7

    F.    The "Binding Agreement" In The Globefill Litigation . . . . . . .   8

    G.    Plaintiffs Take Advantage Of, And Then Breach, The
          "Binding Agreement". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

    H.    Sangre de Vida . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   11

III.   LEGAL STANDARD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

IV.   ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

    A.    This Is Not A "Trade Dress" Case . . . . . . . . . . . . . . . . . . . . . .   12

    B.    Plaintiffs Have Infringed on BRANDI's Copyrights . . . . . . .   13

          1.    BRANDI's Copyrights Are Registered And Valid . . .   14

          2.    Plaintiffs Breached The Binding Agreement . . . . . . .   18

          3.    Plaintiffs' Trade Dress Does Not Preempt
               BRANDI's Copyright Claims . . . . . . . . . . . . . . . . . . .   22

Miller Johnson Law              **DEFENDANTS' OPPOSITION TO**
**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

PAGE

V.     PLAINTIFFS CANNOT ESTABLISH IRREPARABLE HARM . .     24

VI.    THE EQUITIES ARE NOT IN PLAINTIFFS' FAVOR . . . . . . . . .     24

VII.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     25

Case No. 2-15-cv-02692-DDP-AGR

Miller Johnson Law

**DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

# <u>TABLE  OF  AUTHORITIES</u>

<u>PAGE</u>

## <u>CASES</u>

<u>Boyle v. U.S.</u>, 200 F.3d 1369,
    1373-1374 (Fed.Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    13, 22

<u>Entertainment Research Group, Inc. v. Genesis Creative Group,</u>
    122 F.3d 1211, 1217 (9th Cir.1997) . . . . . . . . . . . . . . . . . . . . . . .    15

<u>Express, LLC v. Fetish Group, Inc.</u>,
    424 F.Supp.2d 1211, 1217 (C.D. Cal. 2006) . . . . . . . . . . . . . . . .    14

<u>Jada Toys, Inc. v. Mattel, Inc.</u>,
    518 F.3d 628, 636 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . .    13

<u>Jumbo Bright Trading Limited v. The GAP, Inc.</u>,
    No. CV-12-08932 DDP (MANx) (C.D. Cal. 2012) . . . . . . . . . . . .    12, 24

<u>Mazurek v. Armstrong</u>,
    520 U.S. 968, 972, 117 S.Ct. 1865 (1997) . . . . . . . . . . . . . . . . . .    12

<u>Nova Wines, Inc. v. Adler Fels Winery LLC</u>,
    467 F.Supp.2d 965, 983 (N.D. Cal., 2006) . . . . . . . . . . . . . . . . .    13, 22, 23

<u>Pasillas v. McDonald's Corp.</u>,
    927 F.2d 440 442 (9th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . .    13

<u>Sierra Forest Legacy v. Rey</u>,
    577 F.3d 1015, 1021 (9th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . .    12

Case No. 2-15-cv-02692-DDP-AGR
**DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

1

## **STATUTES**

2
3
                                                      **PAGE**

4
17 U.S.C. § 106 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

5
17 U.S.C. § 302 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16

6
17 U.S.C. § 410 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Miller Johnson Law

**DEFENDANTS' OPPOSITION TO**
**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

# I
# INTRODUCTION

Plaintiffs ELEMENTS SPIRITS, INC., FABRICA DE TEQUILAS FINOS and WORLDWIDE BEVERAGE IMPORTS, LLC, have moved this Court for issuance of a preliminary injunction prohibiting defendants ICONIC BRANDS, INC., and KIM BRANDI from marketing "Sangre de Vida Tequila" in "calavera shaped" bottles that have been painted with "Day of the Dead" designs. Plaintiffs market "KAH Tequila" in bottles with a similar shape and design, and claim that they own the exclusive trade dress rights to such bottles.

The principal problem with plaintiffs' position is the undisputable fact that the shape, design and artwork of defendants' Sangre de Vida Tequila bottles, and plaintiffs' KAH Tequila bottles, are the subject of copyrights which are not owned by plaintiffs. The trade dress claimed by plaintiffs -- the shape and look of the bottles -- was created by defendant KIM BRANDI, *and BRANDI is the sole owner of the registered copyrights for the bottles' shape, design and artwork.*

Plaintiffs address this problem by attempting to conceal it. The majority of their memorandum of points and authorities advances arguments regarding trade dress issues, and in particular the obvious similarities in the appearance of the bottles; the arguments regarding BRANDI's copyrights are found near the end of plaintiffs' memorandum, on a little less than two of its 25 pages. On those two pages, plaintiffs contend: (1) that BRANDI's copyrights were never valid, because

Case No. 2-15-cv-02692-DDP-AGR
**DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

she was not the author of the works; (2) that BRANDI's copyrights were valid, and were transferred to plaintiffs in a "Binding Agreement" entered in a different litigation; and (3) that BRANDI's copyrights are irrelevant, because plaintiff ELEMENTS SPIRITS now owns the "trade dress" for the bottles.

As will be demonstrated herein, BRANDI was the sole author of the "calavera-shaped" bottle with "Day of the Dead" designs used for KAH Tequila and Sangre de Vida Tequila, and BRANDI is and was the only owner of the registered copyrights.  Although plaintiffs now argue otherwise, they have repeatedly admitted in multiple court proceedings that BRANDI was "the creator of KAH tequila."

Indeed, in the "Binding Agreement" which plaintiffs claim licensed them to use BRANDI's copyrights, plaintiffs promised to "accord Brandi full credit as the original creator of the KAH skull-shaped bottles," a promise which they have repeatedly breached (and have again breached in their pleadings in this action). Plaintiffs also breached their promise in the Binding Agreement to pay BRANDI her share of any distributions made to shareholders of ELEMENTS, which had the right to royalties from the sale of KAH Tequila.  Although plaintiffs specifically conceded in the Binding Agreement that BRANDI owned shares in ELEMENTS, and despite the fact that KAH Tequila has made millions of dollars in profits, plaintiffs to date have not made any payment to BRANDI as a shareholder, **and have refused to account for their failure to do so**.

Finally, BRANDI owned the copyrights for the shape and design of the bottles at issue in this litigation long before plaintiffs' could acquire any protectable "trade dress."  Plaintiffs' trade dress infringes on the registered copyrights owned by BRANDI, and plaintiffs therefore cannot succeed on the merits in this litigation. For this reason, _and_ because the equities can never balance in favor of the plaintiffs in this case, _and_ because plaintiffs have failed to demonstrate irreparable harm, defendants respectfully submit that plaintiffs' motion for a preliminary injunction must be denied in its entirety.

## II
## FACTUAL BACKGROUND

A.   BRANDI's Creation Of The "Calaveras" Inspired Bottles

Defendant KIM BRANDI has worked in the beverage industry for more than 20 years.[1]  Over those years, BRANDI had a special interest in, and developed significant expertise and knowledge regarding, the tequila industry.   In 2007, BRANDI began to research the development of her own brand of tequila.  Studying "calaveras," the ornate decorated sugar skulls and hand-crafted paper-maché skulls used in the traditional rituals of Mexico's Day of the Dead celebrations, BRANDI came up with a new concept -- marketing a quality tequila that would be sold in unique hand-painted, "calavera" skull-shaped bottles.

---

[1] The background facts regarding BRANDI's creation are set forth in the concurrently filed Declaration of GRACE KIM BRANDI.

Case No. 2-15-cv-02692-DDP-AGR

**DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

By 2008, BRANDI began consulting with tequila distilleries and bottle manufacturers, and she ultimately named her new tequila brand "KAH," which translates to "life" in the Mayan language.  BRANDI, at her own expense, created the calavera bottle shape from scratch, forming it from clay on the kitchen table in her small apartment in Corona, California.

Shortly thereafter, BRANDI provided sculptured prototypes of her skull-shaped bottles to a Chinese bottling company, ABAC Glass Co.  ABAC informed BRANDI that it would be able to mass-produce bottles based on the prototypes, and provided BRANDI with a contract, which included a price quote and minimum quantity of 30,000.  The first prototype glass bottles were produced and shipped to BRANDI in October 2009.[2]  Also in October of 2009, BRANDI showed three glass prototypes of her hand-painted calavera-shaped bottles to an attorney she was consulting regarding intellectual property issues.[3]

B.     ELEMENTS SPIRITS, INC. Is Created

In November of 2009, ELEMENTS SPIRITS, INC. was formed for the purpose of importing and marketing KAH Tequila.  In December of 2009, ELEMENTS obtained a letter of intent from a tequila distillery, plaintiff FABRICA DE TEQUILAS FINOS (hereinafter "FINOS").   In January of 2010, ELEMENTS obtained a Federal Importers Permit and Federal Wholesalers Permit from the U. S.

_____

[2] See Declaration of Zou Meng, filed concurrently herewith, at paragraph 2.

[3] See Declaration of Thomas Ziegler, filed concurrently herewith, at paragraphs 3-4.

Miller Johnson Law

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

1   Alcohol and Tobacco Tax and Trade Bureau.  Also, counsel retained by BRANDI

2   filed applications with the U.S. Patent and Trademark Office, and those applications

3

4   resulted in registration of the trademarks "KAH" and "Day of the Dead."[4]

5   C.      The Globefill Litigation

6           By March 2010, ELEMENTS had presold over $1,000,000 of KAH Tequila.[5]

7

8   However, before any of the KAH Tequila made it into the marketplace,

9   ELEMENTS and BRANDI were sued by Globefill, Inc., a Canadian corporation

10  that was the manufacturer of Crystal Head Tequila.  In that action, Globefill v.

11

12  Elements, Globefill claimed that the KAH Tequila bottle, with its hand-painted

13  calaveras skull, was somehow confusingly similar to the anatomically correct, clear

14  glass bottles used by Globefill to sell vodka.  Federico Cabo, President of FINOS,

15

16  the tequila distiller and contract bottler for ELEMENTS, supported ELEMENTS

17  and BRANDI by submitting a declaration in their defense. [6]

18  D.      Plaintiffs' Acquisition Of Control Of ELEMENTS

19

20          At about this time, BRANDI was approached by representatives of Federico

21  Cabo, who made it known to BRANDI that he was very interested in investing in

22  ELEMENTS.  In June 2010, ELEMENTS entered into a Stock Purchase Agreement

23

24  with non-party Worldwide Spirits, another company controlled by Cabo.  Under this

25

26  [4] See Declaration of GRACE KIM BRANDI, at paragraph 7.

27  [5] See Declaration of GRACE KIM BRANDI, at paragraph 8.

28  [6] See Declaration of GRACE KIM BRANDI, at paragraph 8.

- 5 -

1  agreement, Worldwide Spirits acquired a 51% ownership interest in ELEMENTS.

2  As specific consideration for its purchase of ELEMENTS' stock, Worldwide Spirits

3  agreed to assume the defense of the <u>Globefill</u> litigation.  In exchange for the rights

4  to sell KAH, ELEMENTS was to receive a "substantial" royalty.[7]

5

6        Almost immediately after it assumed a majority interest in ELEMENTS,

7  Cabo began implementing a plan to transfer the goodwill and future profits of KAH

8  Tequila away from ELEMENTS to other companies owned or controlled by Cabo.

9  Among other things, one of Cabo's other companies, plaintiff WORLDWIDE

10  BEVERAGE IMPORTS ("WBI"), took over ELEMENTS' role as an importer and

11  distributor of KAH Tequila.[8]  Around December of 2010, BRANDI found out that

12  legal fees owed for defense of the trademark infringement case of $49,000 were

13  unpaid. BRANDI was told that ELEMENTS was broke, and in debt to WBI for over

14  $800,000.  BRANDI realized at this time that all of the proceeds from the sale of

15  KAH Tequila were going to WBI, with no royalties or proceeds from the

16  sales going to ELEMENTS.[9]

17        Before long, Cabo and Worldwide Spirits took control of ELEMENTS' Board

18  of Directors.  On April 16, 2011, with Cabo controlling a majority of the Board,

19  BRANDI was removed as a director, and was stripped of her positions as President

20

21

22

23

24

25

26  [7] <u>See</u> Declaration of GRACE KIM BRANDI, at paragraphs 9-10.

27  [8] <u>See</u> Declaration of GRACE KIM BRANDI, at paragraph 10.

28  [9] <u>See</u> Declaration of GRACE KIM BRANDI, at paragraph 10.

Case No. 2-15-cv-02692-DDP-AGR

Miller Johnson Law

**DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

and Chief Executive Officer of ELEMENTS.[10]  Although BRANDI still held a

substantial percentage of the stock in ELEMENTS, the siphoning of the KAH

Tequila profits from ELEMENTS to WBI and other Cabo entities resulted in

BRANDI not receiving any payment for her interest.[11]

As BRANDI became aware of the sudden misappropriation of her interests in

ELEMENTS, she began to assert her rights as the creator of KAH Tequila.  In

response, ELEMENTS, Cabo and WBI took steps to keep BRANDI off balance,

initiating <u>three</u> <u>separate</u> <u>lawsuits</u> against her, of which <u>all</u> of which were

subsequently dismissed by plaintiffs, without any settlement with BRANDI.[12]

E.     BRANDI Registers Her Copyrights

While BRANDI was engaged in defending these lawsuits, WBI began

attempting to remove BRANDI from the history of KAH Tequila.  Among other

things, WBI removed all mention of BRANDI as the creator of the brand from the

KAH Tequila website, Facebook and Twitter accounts, and began to attribute the

creation of the brand to others.[13]  In light of this unexpected attempt to re-write

history, BRANDI was advised to formalize her standing as creator of KAH

Tequila's skull-shaped bottles.  Accordingly, in August of 2011, BRANDI filed five

applications for copyright registration of her skull-shaped bottles with "calaveras"

---

[10] <u>See</u> Declaration of GRACE KIM BRANDI, at paragraph 11.

[11] <u>See</u> Declaration of GRACE KIM BRANDI, at paragraph 11.

[12] <u>See</u> Declaration of GRACE KIM BRANDI, at paragraph 12.

[13] <u>See</u> Declaration of GRACE KIM BRANDI, at paragraph 13.

Case No. 2-15-cv-02692-DDP-AGR

Miller Johnson Law

**DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

artwork.  All five applications were granted, and BRANDI became, and still is, the

registered owner of those copyrights.  Notably, the copyrights at issue in this

litigation are not limited to the designs painted on the protected bottles.  They

include the sculpted shape of the bottles.[14]

F.       The "Binding Agreement" In The Globefill Litigation

            In the meantime, the trade dress infringement suit brought by Globefill

continued to be litigated.  In the fall of 2013, shortly before the trial began, the

parties attended a court-ordered mediation.  After the negotiations between Globefill

and ELEMENTS fell apart, the mediator began attempting to work out a resolution

of various disputes between ELEMENTS and BRANDI.

            The fact that BRANDI began her efforts to create KAH Tequila and its skull-

shaped bottles in 2007 was of critical importance to ELEMENTS' defense of

Globefill's claims, and ELEMENTS therefore used the mediation to memorialize

that fact.  The parties entered a preliminary agreement entitled the "Binding

Agreement," which specifically contemplated that the parties would "prepare and

sign a more detailed, formal written agreement, as soon as practicable."[15]  In that

agreement, ELEMENTS:  (1) acknowledged that BRANDI was a shareholder of

ELEMENTS; (2) agreed to conduct a proceeding to determine who all the

---

[14] See Declaration of GRACE KIM BRANDI, at paragraph 13, and Exhibits "1" to "5."

[15] See Declaration of GRACE KIM BRANDI, at paragraph 15, and see Exhibit "N" to plaintiffs'
    Declaration of Timothy Owens.

shareholders of ELEMENTS were; (3) promised to provide BRANDI "full credit as the original creator of the KAH skull-shaped bottles and the KAH brand"; (4) promised to pay BRANDI her pro rata share of all profits payable to ELEMENTS' shareholders; and (5) agreed to transfer the KAH trademark, which had been assigned to FINOS in exchange for payment of $1.00, back to ELEMENTS. ELEMENTS also agreed to honor its obligation under the California Labor Code to pay for BRANDI's defense in the <u>Globefill</u> litigation.[16]

In exchange, BRANDI agreed to cooperate with ELEMENTS' defense, and agreed to grant a license to ELEMENTS to use her copyrighted designs, with the condition that the license would be terminable if ELEMENTS breached its promise to pay BRANDI her share of the distributions made to shareholders.  The only financial benefit to BRANDI of the anticipated license agreement would be the royalties received through her ownership in ELEMENTS.[17]  The "more formal" agreement, per the discussions at the mediation, was to include a requirement that ELEMENTS account for the royalties earned by ELEMENTS to date and the offsets purportedly claimed.  The license was to be between only BRANDI and ELEMENTS, due to numerous problems previously experienced with WBI, including WBI's failure to report or account for sales and royalties, self-dealing, and

---

[16] <u>See</u> Declaration of GRACE KIM BRANDI, at paragraph 17.

[17] <u>See</u> Declaration of GRACE KIM BRANDI, at paragraph 16.

Case No. 2-15-cv-02692-DDP-AGR
**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

1    incompetence in the handling of accounts.[18]

2    G.    Plaintiffs Take Advantage Of, And Then Breach, The "Binding Agreement"

3

4          Having entered this agreement, ELEMENTS' defense at the Globefill trial

5    emphasized BRANDI's creation of KAH Tequila and its bottles.  Among other

6    things, the attorney for ELEMENTS, Timothy Neufeld, made the following

7    statement in his closing argument:

8

9              Kim Brandi had a dream to develop her own brand, her
               own product, her own company and to not have to work
10             for someone else. It's an American dream.  And she started
               acting on that dream in 2007 long before Crystal Head
11             was on the market.  And her dream was to develop her
               own tequila brand based on her own experience in the
12             industry which went back many years.[19]

13

14         However, not long after the Globefill trial resulted in a judgment in favor of

15   the defendants, ELEMENTS quickly began to act as if the "Binding Agreement"

16   had never existed.  In breach of its promise to give BRANDI "full credit as the

17   original creator of the KAH skull-shaped bottles and the KAH brand," ELEMENTS

18   began to attribute the creation of the product to employees of ELEMENTS.[20]

19   Finally, in January 2015, FINOS filed for registration of BRANDI's protected

20   works in Mexico, claiming it (FINOS) had authorship.[21]  ELEMENTS never

21

22   conducted the promised proceeding to determine ELEMENTS' shareholders' status,

23

24

25   _____

     [18] See Declaration of GRACE KIM BRANDI, at paragraph 17.

26   [19] See Exhibit "9" to the Declaration of Jon B. Miller.

27   [20] See Declaration of GRACE KIM BRANDI, at paragraph 18.

28   [21] See Declaration of Carlos Pérez de la Sierra, filed concurrently herewith, at paragraph 7.

and it refused to provide any records regarding finances or shareholder distributions. FINOS never transferred the KAH trademark back to ELEMENTS.  And, despite the fact that the substantial and ongoing profits from the sale of KAH should have resulted in payment of hefty distributions to ELEMENTS' shareholders, to date BRANDI still has not received any payment.[22]

H.     Sangre de Vida

Because ELEMENTS had left BRANDI without any way to share in the profits being earned by the KAH Tequila, and because ELEMENTS' numerous breaches had clearly terminated the "Binding Agreement," BRANDI decided to proceed with a new tequila product which she had created, "Sangre de Vida."  Since the termination of the Binding Agreement meant that ELEMENTS no longer had a license to use the bottle shape and design that was the subject of BRANDI's copyrights, the Sangre de Vida bottles were based on those copyrights.[23]

Despite the fact that plaintiffs were no longer authorized to use BRANDI's copyrights, they continued to profit from the increasing sales of KAH Tequila.  In an apparent attempt to preempt BRANDI's suit for copyright infringement, plaintiffs filed the complaint in this action on April 10, 2015.  Defendants responded by filing a counterclaim, which includes claims for relief based on plaintiffs' copyright infringement.

---

[22] See Declaration of GRACE KIM BRANDI, at paragraph 18.

[23] See Declaration of GRACE KIM BRANDI, at paragraph 19.

Case No. 2-15-cv-02692-DDP-AGR

Miller Johnson Law

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

### III
### LEGAL STANDARD

Plaintiffs correctly state the showing which they must make in order to obtain a preliminary injunction.  That is, they must establish that:

> (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in their favor; and (4) a preliminary injunction is in the public interest.

Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1021 (9th Cir. 2009).

To this statement, defendants would add that failure to prove any one of the four factors requires denial of a motion for preliminary injunction.  Jumbo Bright Trading Limited v. The GAP, Inc., No. CV-12-08932 DDP (MANx) (C.D. Cal. 2012).  Also, "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."  Mazurek v. Armstrong, 520 U.S. 968, 972,  117 S.Ct. 1865 (1997).

### IV
### ARGUMENT

A.    This Is Not A "Trade Dress" Case

The vast majority of plaintiffs' memorandum of points and authorities is devoted to argument regarding whether defendants' "Sangre de Vida" bottles infringe on ELEMENTS' alleged trade dress rights in the shape and design of the KAH Tequila bottles.  However, this argument is completely irrelevant, because

- 12 -

Miller Johnson Law

incontrovertible evidence establishes: (1) that defendant BRANDI was the sole creator of the shape and design of the KAH Tequila bottles; (2) that BRANDI created the shape and design of those bottles before ELEMENTS existed; and (3) that BRANDI is the sole owner of the registered copyrights for the shape and design of the bottles.  As the owner of the copyright, 17 U.S.C. § 106 gives BRANDI the exclusive right to use her copyrighted work, and the exclusive right to sell copies of her work to the public.

In short, this is a copyright infringement case, not a trade dress case. Possession of trade dress rights "is not a defense to infringement of a valid copyright." Nova Wines, Inc. v. Adler Fels Winery LLC, 467 F.Supp.2d 965, 983 (N.D. Cal., 2006), quoting Boyle v. U.S., 200 F.3d 1369, 1373-1374 (Fed.Cir. 2000).  The elements of the KAH Tequila bottles that plaintiffs claim constitute its trade dress are the identical elements that BRANDI created and copyrighted.

B.    Plaintiffs Have Infringed on BRANDI's Copyrights

To prove her claim for copyright infringement, BRANDI need only show: (1) her ownership of a valid copyright; and (2) copying of the protected elements of her work by plaintiffs.  Pasillas v. McDonald's Corp., 927 F.2d 440 442 (9th Cir. 1991); Jada Toys, Inc. v. Mattel, Inc., 518 F.3d 628, 636 (9th Cir. 2008).  The basic elements of such an infringement case have already been established.  First, plaintiffs have failed to rebut -- and due to their prior admissions are barred from

- 13 -

attempting to rebut -- the prima facie evidence of copyright ownership which arises

from BRANDI's certificates of copyright registration. <u>See</u> 17 U.S.C. § 410(c).

Second, plaintiffs have conceded that their alleged trade dress is a copy of

BRANDI's copyrighted works, by arguing that "the parties product packaging as a

whole leads to the inescapable conclusion that the two are confusingly similar, and

in fact are nearly identical."

Nonetheless, plaintiffs attempt to rebut defendants' copyright claim by

advancing three contradictory positions.  Plaintiffs argue that BRANDI cannot

prevail on her copyright claims because: (1) BRANDI was not the creator of the

bottle now used by KAH Tequila, and therefore cannot have a valid copyright; (2) if

BRANDI was the creator of the bottle, she gave plaintiffs an exclusive license to use

her copyrights; and (3) if plaintiffs did not have a license, they did not need one,

because their trade dress rights preempt any copyright held by BRANDI.

1.    <u>BRANDI's Copyrights Are Registered And Valid</u>

It is undisputed that BRANDI owns the copyright registrations for the shape

and design of the bottles used by KAH Tequila and Sangre de Vida.  Ownership of

the copyright registrations "shall constitute prima facie evidence of the validity of

the copyright and of the facts stated in the certificate."  17 U.S.C. § 410(c); <u>Express,

LLC v. Fetish Group, Inc.</u>, 424 F.Supp.2d 1211, 1217 (C.D. Cal. 2006).

Accordingly, BRANDI's certificates of registration shift to the plaintiffs the burden

of proving invalidity.  <u>Entertainment Research Group, Inc. v. Genesis Creative Group</u>, 122 F.3d 1211, 1217 (9th Cir.1997).

The only argument offered by plaintiffs to rebut the presumption that BRANDI's copyrights are valid is their claim that BRANDI was not the author or creator of the shape or design of the bottles.  Instead, plaintiffs contend that the bottles were created by Javier Gonzales and Sandra Lugo as "works for hire" for the benefit of ELEMENTS, and that any copyrights for that work therefore belong to ELEMENTS.  In support of this contention, plaintiffs offer a "Letter of Intent" supposedly drafted in November of 2009, expressing an intent to create "artwork" that would belong to ELEMENTS, and "work for hire" agreements supposedly entered in January of 2010 with Gonzales and Lugo.[24]

Notably missing from plaintiffs' presentation is any sworn statement from either Gonzales or Lugo, or any competent evidence that the "original artwork" referenced in these documents had anything to do with BRANDI's works.  Nothing in the "Letter of Intent" or "work for hire" agreement explains what is meant by "artwork," and the only declarant who suggests some involvement of Gonzales and Lugo in the creation of the brand, Timothy Owens, admits he lacks personal knowledge of anything having to do with ELEMENTS before May 2010.**[25]**

---

[24] <u>See</u> Exhibits "A" and "B" to the Declaration of Timothy Owens.

[25] <u>See</u> Declaration of Timothy Owens, at paragraph 6:  "In May 2010, I learned of Elements through a business associate named Frederico Cabo."

Miller Johnson Law

In any event, BRANDI did not prepare, authorize or sign the supposed "Letter of Intent," and believes that her signature has been forged on that document. The "work for hire" agreement was signed by BRANDI, but only applied to artwork being prepared for collateral promotion and advertising, as well as the creation of ia de los Muertos themed jewelry, statues and masks, and was <u>not</u> for the "calavera" Tequila bottles.[26]

Also, substantial and incontrovertible evidence establishes that BRANDI had already created the design and shape of the bottles long before either the "Letter of Intent" dated November 4, 2009, or the "work for hire" agreement dated January of 2010.  As explained in her concurrently filed declaration, BRANDI began formulating the idea for the KAH Tequila bottles in <u>2007</u>, and was creating clay models of the bottle shape in <u>2008</u>.[27]  By the summer of <u>2009</u>, BRANDI had provided prototypes of her bottles to ABAC Glass Co., and in <u>October of 2009</u>, ABAC shipped prototype glass bottles to BRANDI.[28]  Also in <u>October of 2009</u>, BRANDI showed three glass prototypes of her hand-painted skull-shaped bottles to an attorney she was consulting regarding intellectual property issues.[29]

A federal copyright is obtained automatically upon creation of a work.  17 U.S.C. § 302(a).  Clearly, BRANDI had created the shape and design of the KAH

---

[26] <u>See</u> Declaration of GRACE KIM BRANDI, at paragraph 7.

[27] <u>See</u> Declaration of GRACE KIM BRANDI, at paragraphs 3-6.

[28] <u>See</u> Declaration of Zou Meng, at paragraph 2.

[29] <u>See</u> Declaration of Thomas Zeigler at paragraph 3-4.

Miller Johnson Law

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

1   bottles, and become owner of the copyright to that shape and design, long before

2   Gonzales and Lugo signed any of the proffered documents.

3        Finally, and perhaps most significant, plaintiffs' argument that BRANDI was

4   not the creator of the copyrighted works is directly contradicted by their prior

5   testimony and pleadings.  In the "Binding Agreement" entered at the mediation in

6   the <u>Globefill</u> litigation, ELEMENTS agreed that it would "accord Brandi full credit

7   as the original creator of the KAH skull-shaped bottles," and that it would obtain a

8   license in "all copyrights owned by Brandi relating to the skull-shaped bottles and

9

10  the KAH brand..."[30]  If, as plaintiffs' now claim, BRANDI had no copyright

11  interests, why would plaintiffs agree to give her credit as the creator of the bottles,

12

13  and why would they want to obtain a license from BRANDI to use her copyrights?

14        At the subsequent trial in <u>Globefill</u>, ELEMENTS' attorney stated in his

15  closing argument that "Kim Brandi had a dream ... to develop her own tequila brand

16

17  ... [a]nd she started acting on that dream in 2007..."[31]  In a related litigation, Richard

18  Cabo, a "managing member" of WBI <u>and director of ELEMENTS, testified that he</u>

19  <u>knew in 2010 that BRANDI was "the creator of the KAH brand."</u>**[32]**

20

21        Further, in a complaint filed by WBI and ELEMENTS in the Orange County

22  litigation against BRANDI, it was specifically alleged that BRANDI misled

23

24

25  _____

26  [30] <u>See</u> Exhibit "N" to the Declaration of Timothy Owens.

27  [31] <u>See</u> Exhibit "9" to the Declaration of Jon B. Miller.

28  [32] <u>See</u> Exhibit "8" to the Declaration of Jon B. Miller, the Deposition of Richard Cabo, at p. 46
     (lines 15-24).

Miller Johnson Law

**DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

plaintiffs into believing that they were obtaining the "copyrights to the bottle artwork," when "in fact they remained in Brandi's name and under her ownership...."[33]  **That is, ELEMENTS and WBI sued BRANDI in 2011 for NOT transferring HER copyrights to ELEMENTS, although they argue in this Court that BRANDI never had any valid copyrights.**

It is also noteworthy that BRANDI's skull-shaped designs are protected by Mexican copyrights.  In fact, on March 11, 2015, the Mexican Institute of Industrial Property issued an order prohibiting plaintiff FINOS from marketing or using BRANDI's skull-shaped designs, and as a result, KAH Tequila was seized by the Mexican federal government.  FINOS has exercised its right under Mexican law to file a security bond to allow it to continue operations pending a final decision in the matter, but the March 11, 2015 order remains in effect.[34]

In light of BRANDI's uncontradicted evidence of her creation of the shape and design of the KAH Tequila bottle, and plaintiffs' repeated affirmance of her status as the author of the works, it is clear that plaintiffs will not be able to overcome the presumption of ownership created by BRANDI's copyright registrations

    2.    <u>Plaintiffs Breached The Binding Agreement</u>

After arguing that BRANDI was not the creator of the KAH Tequila bottles,

---

[33] <u>See</u> Exhibit "7" to the Declaration of Jon B. Miller.

[34] <u>See</u> Declaration of Carlos Pérez de la Sierra, at paragraph 6.

plaintiffs next embrace the agreement in which ELEMENTS states that it would "accord Brandi full credit as the original creator of the KAH skull-shaped bottles." Plaintiffs contend that the Binding Agreement in <u>Globefill</u> gave them a license to use "all copyrights owned by Brandi relating to the skull-shaped bottles and the KAH brand."

Plaintiffs' reliance on the Binding Agreement is precluded by their breach of numerous material provisions of that agreement. ELEMENTS never conducted the promised proceeding to determine ELEMENTS' shareholders' status, and it refused to provide any records regarding finances or shareholder distributions in 2013 and 2014.  FINOS never transferred the KAH trademark back to ELEMENTS.[35]

Moreover, ELEMENTS promised to give BRANDI "full credit as the original creator of the KAH skull-shaped bottles and the KAH brand," and this recognition was very important to BRANDI.  Nonetheless, ELEMENTS breached that promise, and has again breached it in this litigation by falsely attributing the creation of the product to employees of ELEMENTS.  Indeed, on January 7, 2015, plaintiff FINOS filed an application with the Mexican Trademark Office seeking to register a three-dimensional trademark for a calavera-shaped bottle that is essentially identical of BRANDI's copyrighted works.  In keeping with Mexican law, that application includes the representation that FINOS was the author of the work -- a direct breach

---

[35] <u>See</u> Declaration of GRACE KIM BRANDI, at paragraphs 18.

1    of plaintiffs' promise in the Binding Agreement.[36]

2    Plaintiffs' argument also overlooks the conditional nature of the Binding

3    Agreement's licensing provision.  Specifically, ELEMENTS acknowledges in the

4

5    Binding Agreement that BRANDI owns shares of stock in ELEMENTS, and agrees

6    that the license to use BRANDI's copyrights would be terminated if ELEMENTS

7

8    breached "its obligations to pay Brandi her pro rata share of any annual distributions

9    made to shareholders of Elements."  Despite this agreement, and despite KAH

10   Tequila's millions of dollars in profits, BRANDI has to date received <u>nothing</u> from

11
     ELEMENTS.[37]  This failure to pay BRANDI is a material breach of the Binding
12

13   Agreement and terminates any license to use BRANDI's copyrighted works.

14   Plaintiffs have not denied, but have instead attempted to explain, their failure

15   to pay BRANDI any share of the profits from the sale of her creation.  Plaintiffs

16

17   argue that ELEMENTS has not received any profits, supposedly because it has had

18   to pay back the other plaintiffs for litigation expenses incurred in various lawsuits,

19
     and in particular the <u>Globefill</u> action.  However, plaintiffs have stated in Court
20

21   pleadings that part of their consideration for the purchase of ELEMENTS was that

22   they "assumed the defense" of the <u>Globefill</u> action.[38]  Since the <u>Globefill</u> litigation

23

24   expenses were a part of plaintiffs' consideration for the purchase of ELEMENTS'

25

26   [36] <u>See</u> Declaration of Carlos Pérez de la Sierra, at paragraph 7.

27   [37] <u>See</u> Declaration of GRACE KIM BRANDI, at paragraphs 18.

28   [38] <u>See</u> Exhibit "7" to the Declaration of Jon B. Miller.

Miller Johnson Law

**DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

stock, plaintiffs obviously cannot use those expenses as an offset to ELEMENTS' profits. Moreover, the litigation expenses claimed by plaintiffs include costs which cannot be attributed to ELEMENTS, such as the lawsuits filed by plaintiffs against ELEMENTS and/or BRANDI.[39]

Despite plaintiffs' failure to provide BRANDI with any documentation of their claimed expenses, or any financial information related to KAH Tequila's sales and royalties, it is still clear that any litigation costs truly attributable to ELEMENTS are dwarfed by the profits from KAH Tequila's sales. Plaintiffs are informed and believe that the accumulated worldwide KAH Tequila sales to date are well in excess of $75,000,000.[40] That being the case, ELEMENTS' supposed failure to reap any profits from $75,000,000 in sales is clearly the result of a shell game, with the profits being funneled to WBI and/or other entities controlled by plaintiffs.

To date, BRANDI has not received notice of any actions, shareholders' meetings, annual reports or proceedings related to ELEMENTS. Moreover, plaintiffs have ignored or refused to comply with BRANDI's requests for documentation regarding ELEMENTS finances.[41] In these circumstances, it is clear that plaintiffs have breached the Binding Agreement, and therefore that any copyright license which they might have been granted has been terminated.

---

[39] See Exhibit "7" to the Declaration of Jon B. Miller.

[40] See Declaration of GRACE KIM BRANDI, at paragraph 22.

[41] See Declaration of GRACE KIM BRANDI, at paragraph 20.

3.      Plaintiffs' Trade Dress Does Not Preempt BRANDI's Copyright Claims

Plaintiffs cite Nova Wines, Inc. v. Adler Fels Winery LLC, 467 F.Supp.2d 965, 983 (N.D. Cal., 2006), for the proposition that "a valid copyright does not entitle the copyright holder to infringe another's trade dress rights."  Of course, plaintiffs leave out the same Court's equally relevant statement that possession of trade dress "is not a defense to infringement of a valid copyright." Id., quoting Boyle v. U.S., 200 F.3d 1369, 1373-1374 (Fed.Cir. 2000).  In any event, review of the facts of the Nova Wines case demonstrate why the court found that a defendant's copyright interest did not trump the plaintiffs' trade dress rights, and demonstrate why that result would not make sense in the instant case.

In Nova Wines, the plaintiff had for many years sold wine in bottles which had labels with pictures of Marilyn Monroe.  One of the defendants, who owned registered copyrights for photographs of Ms. Monroe, licensed plaintiff to use the pictures on its labels.  When that license was subsequently terminated, plaintiff used different pictures of Ms. Monroe on labels that were otherwise substantially identical to the previous labels.  Defendant then licensed a different company to use its copyrighted pictures on the labels of wine bottles, and those labels were "strikingly similar" to the labels used by plaintiff.

The Court in Nova Wines held that defendant's interest in licensing the use of its copyright did not preempt plaintiffs' trade dress rights.  The Court found that the

Miller Johnson Law

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

plaintiff's almost 20 years of use and involvement with its trade dress was "considerably broader" than the defendants' interest in "licensing its copyrighted works ... for use on wine labels."  Id., at p. 983.

The instant case presents a markedly different situation; one which requires that precedence be given to copyright interests.  In Nova Wines, the plaintiffs' trade dress did not include the defendant's copyrighted pictures, so there was no issue of copyright infringement.  Since the infringing labels were not being produced or used by the copyright owner, the only restriction on the copyright was the inability to license it for use on wine bottles that infringed the plaintiff's trade dress.  Here, on the other hand, BRANDI created the shape and design of the KAH Tequila bottles which constitutes plaintiffs' trade dress, and BRANDI owns the registered copyrights for that same bottle shape and design.

The Sangre de Vida bottles being marketed by BRANDI are nothing more than the design and shape copyrighted by BRANDI.   That is, plaintiffs' alleged trade dress consists entirely of BRANDI's copyright.  In these circumstances, BRANDI's copyright interests are "considerably broader" than plaintiffs' trade dress rights.

Plaintiffs' argument that their "trade dress" claim somehow trumps BRANDI's valid copyrights exhibits a hubris and cynicism that has no place in this Court.  Essentially, plaintiffs argue that, as a copyright licensee, ELEMENTS can

- 23 -

Miller Johnson Law

**DEFENDANTS' OPPOSITION TO**
**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

market BRANDI's copyrighted works over a period of years; during which time it agrees to, but does not pay a "substantial royalty"; and then claim that its years of use have resulted in a protectable trade dress which then negates the copyright protection of the originally protected artist.  This sort of predation is barred by the Copyright Act.

## V
## PLAINTIFFS CANNOT ESTABLISH IRREPARABLE HARM

Plaintiffs have failed to offer any admissible evidence indicating that they would suffer irreparable harm if defendants are not enjoined.  This may be because any evidence of ELEMENTS' potential loss of profits from the sale of KAH Tequila would also prove that plaintiffs are now breaching the Binding Agreement by failing to use those profits to make any distributions to ELEMENTS' shareholders.  In any event, the failure to provide admissible evidence showing that "the harm is real, imminent and significant" in itself requires denial of a motion for a preliminary injunction.  See Jumbo Bright Trading Limited v. The GAP, Inc., No. CV-12-08932 DDP (MANx) (C.D. Cal. 2012).

## VI
## THE EQUITIES ARE NOT IN PLAINTIFFS' FAVOR

BRANDI was the creator of KAH Tequila and its trade dress, and owns the registered copyrights for the shape and design of the KAH Tequila bottles that constitute that trade dress.  Despite this fact, and despite the fact that plaintiffs have

Miller Johnson Law

reaped millions of dollars in profits from the sale of KAH Tequila, BRANDI has not

received any payment or distribution from ELEMENTS; indeed, plaintiffs have

refused to provide any accounting of sales or royalties related to KAH Tequila.

Defendants respectfully submit that in these circumstances, the equities cannot

balance in plaintiffs' favor.

## VII
## CONCLUSION

Defendants ICONIC BRANDS and KIM BRANDI respectfully submit that

plaintiffs ELEMENTS SPIRITS, FINOS and WBI have not established, and cannot

establish, that they are likely to succeed on the merits in this litigation, that they will

suffer irreparable harm in the absence of an injunction, or that the equities are in

their favor.  That being the case, defendants respectfully request that this Court deny

plaintiffs' motion for a preliminary injunction in its entirety.  In the alternative, if the

Court does grant the motion, defendants request that the Court order plaintiffs to

post security in the amount of at least $2,000,000.

DATED:  May 11, 2015.          **MILLER JOHNSON LAW**


                               By:_____*Jon B. Miller*_____
                               Jon B. Miller, Esq.
                               Scott A. Johnson, Esq.
                               Attorneys for Counterclaimants ICONIC
                               BRANDS, INC., and GRACE KIM BRANDI