**MILLER JOHNSON LAW**
Jon B. Miller, Esq. (SBN 099070)
jonbmiller@sbcglobal.net
Scott A. Johnson, Esq. (SBN 099024)
scottajohnson55@msn.com
427 C Street, Suite 410
San Diego, CA  92101
T: (619) 232-0086 / F: (619) 232-0089

Attorneys for Defendants/Counterclaimants
ICONIC BRANDS, INC., and GRACE KIM BRANDI

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELEMENTS SPIRITS, INC., a California Corporation, FABRICA DE TEQUILAS FINOS S.A. DE C.V., a Mexican Corporation and WORLDWIDE BEVERAGE IMPORTS, LLC, a Nevada limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> ICONIC BRANDS, INC., a California corporation, GRACE KIM BRANDI, an individual, and DOES 1-10, <br><br> Defendants. | Case No. 2:15-cv-02692-DDP-AGR <br><br> **FIRST AMENDED COUNTERCLAIM FOR:** <br><br> **(1) COPYRIGHT INFRINGEMENT IN VIOLATION OF 17 U.S.C. § 501;** <br> **(2) FRAUD IN THE INDUCEMENT OF THE BINDING AGREEMENT;** <br> **(3) BREACH OF CONTRACT -- THE BINDING AGREEMENT;** <br> **(4) DECLARATORY RELIEF PURSUANT TO 28 U.S.C. §2201;** <br> **(5) ACCOUNT STATED; AND,** <br> **(6) ACCOUNTING** <br><br> **DEMAND FOR JURY TRIAL** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ICONIC BRANDS, INC., a California
corporation, and GRACE KIM
BRANDI, an individual,

                    Counterclaimants,

v.

ELEMENTS SPIRITS, INC., a
California corporation, FABRICA DE
TEQUILAS FINOS S.A. DE C.V., a
Mexican corporation, LUZ MARIA
CABO ALVAREZ, an individual,
WORLDWIDE BEVERAGE
IMPORTS, LLC, a Nevada limited
liability company, DELIA
RODRIGUEZ CABO, an individual,
AVENIU BRANDS, INC., a Maryland
corporation, WINE WAREHOUSE, an
unknown business entity, and ROES 1-
20, inclusive,

                    Counterdefendants.

Judge: Hon. Dean D. Pregerson
Courtroom:   3

Magistrate: Hon. Alicia G. Rosenberg

Complaint Filed:  April 10, 2015.
Jury Trial Demand: Yes

        Defendants/counterclaimants ICONIC BRANDS, INC., and GRACE KIM

BRANDI submit this first amended counterclaim and allege as follows:

**I**
**JURISDICTION AND VENUE**

        1.       This Counterclaim alleges claims for copyright infringement under 17

U.S.C.  §101, *et seq.*, and alleges additional claims that derive from a common

nucleus of operative facts.  Jurisdiction is therefore conferred on this Court by 28

U.S.C. §§ 1331, 1338 and 1367.

2.      Venue of this Counterclaim properly lies within the Central District of California, pursuant to 28 U.S.C. §§1391 (b)(1) and §1400(a), because two of the counterdefendants have their principal place of business within the Central District of California.

## II
## NATURE OF THE ACTION

3.      Counterclaimants seek injunctive relief and damages for acts of copyright infringement engaged in by counterdefendants in violation of the laws of the United States and the State of California.  In particular, this case concerns counterdefendants' willful, deliberate and systematic misappropriation of counterclaimant BRANDI's copyrighted bottle shape and designs, and related claims.

## III
## THE PARTIES

4.      Counterclaimant ICONIC BRANDS, INC. (hereinafter "ICONIC") is a California corporation, with its principal place of business within the geographic confines of the Central District of California.

5.      Counterclaimant GRACE KIM BRANDI (hereinafter "BRANDI") is an individual residing in the county of Riverside, State of California.

6.      Counterdefendant ELEMENTS SPIRITS, INC. (hereinafter "ELEMENTS") is a California corporation and already a party to this lawsuit.

7.      Counterdefendant FABRICA DE TEQUILAS FINOS S.A. DE C.V. (hereinafter "FINOS") is a Mexican corporation organized and existing under the

laws of Mexico, with its principal place of business located in Tequila, Mexico. FINOS is a named plaintiff in this lawsuit.  Counerdefendant LUZ MARIA CABO ALVAREZ is the controlling officer, director and General Manager of FINOS, and authorized the infringement of counterclaimants' copyrights as alleged hereinbelow.

8.      Counterdefendant WORLDWIDE BEVERAGE IMPORTS, LLC (hereinafter "WBI") is a California limited liability company, with its principal place of business within the geographic confines of the Central District of California.  WBI is a named plaintiff in this lawsuit.  Counterdefendant DELIA RODRIGUEZ CABO is the controlling officer, director and/or shareholder of WBI, and authorized the infringement of counterclaimants' copyrights as alleged hereinbelow.

9.      Counterclaimants are informed and believe that counterdefendant AVENIU BRANDS (hereinafter "AVENIU") is a Maryland corporation, with its principal place of business located in Baltimore, Maryland.  AVENIU distributes infringing product within the geographic confines of the Central District of California.

10.      Counterclaimants are informed and believe that counterdefendant WINE WAREHOUSE (hereinafter "WINE WAREHOUSE") is a business entity, form unknown, that distributes or sells infringing product within the geographic confines of the Central District of California.

11.      Counterclaimants ICONIC and BRANDI do not know the true names or capacities of the fictitiously named counterdefendants ROES 1 through 20, inclusive, and therefore sue these persons and/or entities by their fictitious names. Counterclaimants will amend this countercomplaint to allege their true names or

capacities when they have been ascertained.  Counterclaimants are informed and believe, and thereon allege, that each fictitiously named counterdefendant is in some manner responsible for the acts, omissions or conduct alleged in this counterclaim and that such counterdefendants proximately caused counterclaimants' damages, as alleged herein.

12. Counterclaimants are informed and believe, and thereon allege, that at all times mentioned herein, counterdefendants were the agents, employees, employers, joint venturers, partners, alter egos or co-conspirators of each of the other counterdefendants, and that in performing or failing to perform the acts herein alleged, each was acting within the course and scope of said relationship, and with the ratification, permission, and consent of the other counterdefendants.  As a result, each counterdefendant is jointly and severally responsible and liable for those acts of each other as alleged herein.

## IV
## BRANDI'S COPYRIGHTS

13. Beginning in 2007, counterclaimant GRACE KIM BRANDI had an idea for a new tequila product.  BRANDI wanted to sell tequila in unique bottles, based on the traditional Latin American folk art surrounding "calaveras," the decorated sugar skulls associated with "Dia de los Muertos."

14. By 2008, BRANDI began consulting with tequila distilleries and bottle manufacturers, and she named her new business venture "KAH Day of the Dead Tequila."  BRANDI, at her own expense, created the KAH bottle shape from scratch, forming it from clay on the kitchen table in her small apartment in Corona, California.  Before counterdefendant ELEMENTS came into existence in November

2009, both the shape and design of the KAH bottles were completed.  ELEMENTS was formed by BRANDI for the purpose of importing and marketing KAH Tequila in the United States.

15.    In March 2010, before any KAH product got into the marketplace, ELEMENTS and BRANDI were sued by Globefill, Inc., a Canadian corporation that was the manufacturer of Crystal Head Tequila.  Globefill claimed that KAH's folk art rendition of a calavera skull was confusingly similar to Globefill's anatomically correct, clear glass vodka container.

16.    In June 2010, non-party Worldwide Spirits and ELEMENTS entered into a Stock Purchase Agreement, through which Worldwide Spirits acquired a 51% stake in ELEMENTS.  Per the sworn statement of the Worldwide Spirits CEO, who later became the CEO of ELEMENTS, Worldwide Spirits "caused" $800,000 to be infused into ELEMENTS.  The specific consideration for the stock purchase by Worldwide Spirits included Worldwide Spirits' assumption of the defense of the Globefill litigation.  Worldwide Spirits is closely related to counterdefendant WBI, and both companies, as well as counterdefendant FINOS, are controlled by the same man, Frederico Cabo.

17.    Almost immediately after it assumed a majority interest in ELEMENTS, Worldwide Spirits took complete control over its operations. Worldwide Spirits also took over ELEMENTS' Board of Directors by removing one of the original directors and replacing her with two individuals affiliated with WBI. On April 16, 2011, with the owner of WBI and FINOS controlling a majority of the Board of Directors, BRANDI was removed as a director and was stripped of her positions as President and Chief Executive Officer of ELEMENTS.

18.     As a result of the takeover and BRANDI's removal, BRANDI had no ability to control or direct the sale, distribution or advertising of KAH.  BRANDI at that point was under continuous attack by Worldwide Spirits and WBI.  WBI and ELEMENTS sued BRANDI three times in 2011 and 2012; each case was dismissed without settlement.  WBI also attempted to re-write the history of KAH Tequila by removing all mention of BRANDI as the creator of the brand and even went so far as to attribute the creation of the brand to others.

19.     After WBI's actions, BRANDI's only remaining connection to the product was her position as the largest minority shareholder in ELEMENTS.  Nonetheless, this connection should have allowed BRANDI to share in the substantial profits that were subsequently generated by the sale of KAH.

20.     In 2011, in light of the numerous unjustified attacks against her by WBI and ELEMENTS, BRANDI was forced to formalize her standing as the creator of the KAH skull-shaped bottles and the KAH brand by filing for copyright registrations for her "calaveras" designs.  BRANDI owns all right, title and interest to U.S. copyright registrations for five of her "calaveras" designs, collectively referred to as the "Works": (1) Spider Calavera (Reg. No. VA 1-787-771); (2) Muertos Calavera (Reg. No. VA 1-787-767); (3) DOD Logos (Reg. No. VA 1-787-670); (4) Diablo (Reg. No. VA 1-793-491); and, (5) Calavera Prototype (Reg. No. VAu 1-079-114).  True and correct copies of the five copyright registrations are attached hereto as Exhibits 1, 2, 3, 4, and 5.  The designs in question constitute original and copyrightable subject matter under the United States Copyright Act.  BRANDI's copyrights have never been contested by ELEMENTS or anyone else since their filing with the Copyright Office.  BRANDI has duly complied with all

relevant requirements of the United States Copyright Act with respect to the Works. Counterdefendant ELEMENTS has acknowledged in writing (in the Binding Agreement) that BRANDI owns the copyrights relating to skull-shaped bottles and the KAH brand.

21.     Unfortunately, ELEMENTS has never accounted for its sales or paid any of its minority shareholders a cent in the six years of its existence. Counterclaimants are informed and believe that the accumulated worldwide KAH tequila sales to date are well in excess of $75,000,000.  Notably, WBI and ELEMENTS have failed and refused to provide sales and other financial information to BRANDI, notwithstanding:  (a) BRANDI's roles as predominant minority shareholder and licensor; (b) BRANDI's repeated requests that the financial documents be provided; and (c) a 2011 Orange County Superior Court Order that they do so.

22.     In November 2013, before the Globefill trial, BRANDI and ELEMENTS attended a mediation that had been ordered by the District Court Judge in the Globefill litigation.  After the negotiations between Globefill and ELEMENTS fell apart, the mediator shifted his attention to attempting to work out a resolution of the disputes between BRANDI and ELEMENTS.  A preliminary agreement was struck by which BRANDI agreed to license her copyrighted designs to ELEMENTS , and ELEMENTS only, on condition that ELEMENTS (1) honor its obligation under the Labor Code to pay for BRANDI's defense in the Globefill case; (2) acknowledge BRANDI as a shareholder of ELEMENTS; (3) conduct a proceeding to determine who the shareholders of ELEMENTS are; (4) acknowledge BRANDI as the creator of KAH Tequila brand and bottles; (5) acknowledge the

validity of BRANDI's copyrights; and (6) provide annual statements of the distribution status for the ELEMENTS shareholders.  While the parties discussed a possible licensing agreement, no actual licensing agreement was ever drafted or signed. The agreement also stipulated that the trademarked name "KAH" be transferred by FINOS back to ELEMENTS.  The preliminary agreement is the "Binding Agreement" attached to the Complaint in this action as Exhibit 6.

23.     Sadly, when ELEMENTS' president and officer Timothy Owens entered into the Binding Agreement, he well knew that he and ELEMENTS had no intention of allowing the minority shareholders any right to participate in the KAH sales, had no intent to continue to acknowledge BRANDI as the creator of the brand, and had no intent on recognizing, acknowledging or otherwise accepting the validity of BRANDI's copyrights.  Instead, at some time after the Binding Agreement was entered into, ELEMENTS improperly and illegally transferred, assigned, sublicensed or otherwise hypothecated its purported licensee rights to other entities, notably including counterdefendants AVENIU and FINOS.  More significantly, after the Binding Agreement was entered into, BRANDI learned:

- ELEMENTS claimed to be penniless;

- ELEMENTS had transferred all its property rights to FINOS under the pretext that ALL of the royalty payments that should have been paid to ELEMENTS dating back to 2010 were used to pay attorneys to defend the Globefill litigation;

- FINOS has since claimed **authorship** of the KAH designs in two separate filings with the Mexican Trademark Office on July 31, 2014, and January 7, 2015;

- WBI, ELEMENTS president Timothy Owens, and Frederico Cabo (as an "advisor") received shares of a publicly traded company, Drinks America, in exchange for a distributorship agreement to sell KAH, none of which shares were transferred into ELEMENTS;

- ELEMENTS flatly refused to conduct a hearing to determine who its minority shareholders were; and

- Many of the attorneys whose fees are charged against ELEMENTS' royalties are themselves unpaid.

24.    Counterclaimants are informed and believe that the actual sales figures for KAH Tequila will show that the product has garnered enough profit from sales to finance the Globefill litigation many times over.  Counterclaimants also believe that ELEMENTS has not been receiving any of the profits generated from those sales, but is completely out of the cash flow loop, and has not operated as a business since 2011.

25.    ELEMENTS needed the true story of BRANDI's creation of the KAH brand for the Globefill trial, because that history truthfully showed BRANDI's development of the KAH brand dating back to 2007, long before the release of Crystal Head Vodka (and long before the existence of ELEMENTS and/or the involvement of WBI and FINOS).  Timothy Neufeld, the attorney for "the KAH entities" in both this action and the Globefill action, made the following statement in his closing argument in the Globefill trial:

> Kim Brandi had a dream. Kim Brandi had a dream to
> develop her own brand, her own product, her own company and
> to not have to work for someone else. It's an American
> dream. And she started acting on that dream in 2007 long
> before Crystal Head was on the market. And her dream was to

1
2

> develop her own tequila brand based on her own experience in
> the industry which went back many years.

3  This pronouncement by Attorney Neufeld is not only factually correct, it is entirely

4  consistent with the terms of the Binding Agreement (the very agreement that

5
6  ELEMENTS sues upon in this lawsuit) which states, unequivocally:  "ELEMENTS

7  agrees that it shall accord BRANDI full credit as the original creator of the KAH

8  skull-shaped bottles and the KAH brand."

9
10      26.      After the Globefill trial, ELEMENTS quickly began to act as if the

11  Binding Agreement was never entered into.  ELEMENTS immediately ceased

12  acknowledging BRANDI as the creator of KAH and began to attribute the creation

13  of the product to an executive of WBI and to others; ELEMENTS failed to conduct

14  the promised proceeding to determine the shareholder status of the company; and

15
16  ELEMENTS failed to provide any annual statements of shareholders' distribution

17  status for 2013 or 2014.  Before this suit was filed, BRANDI requested copies of

18  ELEMENTS' financial records and was flatly refused by ELEMENTS counsel.

19      27.      Now, in the statement of facts recited in the plaintiffs' complaint in this

20  action filed by the above-quoted Mr. Neufeld's office, the KAH product is

21  unjustifiably alleged to have been developed by ELEMENTS **after** its incorporation

22
23  in November 2009, by in-house artists who purportedly signed work-for-hire

24  agreements in 2010.  These allegations are demonstrably false and (1) contradict Mr.

25  Neufeld's statements to the jury; (2) contradict allegations made in previous

26  pleadings filed in the Orange County Superior Court; and (3) contradict the recital in

27  the Binding Contract -- the very contract plaintiffs claim that BRANDI breached --

28  which states:  **"ELEMENTS agrees that it shall accord BRANDI full credit as**

**the original creator of the KAH skull-shaped bottles and the KAH brand."**  In addition, FINOS, apparently through some transfer of rights from ELEMENTS, filed two applications with the Mexican Trademark Office claiming to be the creator and author of the very same skull-shaped bottle design.

28.     Based upon these numerous breaches of the Binding Agreement, BRANDI terminated the Binding Agreement.  BRANDI's artwork is now in use in the product Sangre de Vida, which is licensed to and imported by ICONIC.

29.     Notwithstanding the termination of the Binding Agreement, and numerous cease and desist letters, counterdefendants continue to manufacture, import, distribute, market, and offer to sell KAH product without authorization or license.

**V**
**<u>CLAIMS FOR RELIEF</u>**

**<u>FIRST CLAIM FOR RELIEF</u>**
**For Copyright Infringement, 17 U.S.C. § 501**
**(BRANDI and ICONIC Against ELEMENTS SPIRITS, INC.; FABRICA DE
TEQUILAS FINOS S.A. de C.V.; LUZ MARIA CABO ALVAREZ;
WORLDWIDE BEVERAGE IMPORTS, LLC; DELIA RODRIGUEZ
CABO; AVENIU BRANDS, INC.; and WINE WAREHOUSE)**

30.     Counterclaimants hereby restate and incorporate by reference paragraphs 1 through 29, of this counterclaim as though fully set forth herein.

31.     Counterclaimant BRANDI is the owner of U.S. copyright registrations for five of her "calaveras" designs: (1) Spider Calavera (Reg. No. VA 1-787-771); (2) Muertos Calavera (Reg. No. VA 1-787-767); (3) DOD Logos (Reg. No. VA 1-787-670); (4) Diablo (Reg. No. VA 1-793-491); and, (5) Calavera Prototype (Reg.

No. VAu 1-079-114).  All of these registrations are in full force and effect.  ICONIC is now the only licensee of the artwork.

32.     Counterdefendant ELEMENTS (and ELEMENTS only) had been afforded an exclusive license to use BRANDI's copyrights under the terms of the Binding Agreement.  That exclusive right was cancelled due to Counterdefendant ELEMENTS' numerous breaches of the Binding Agreement set forth in paragraphs 24 through 27, above.

33.     Counterdefendants, without license or authorization from counterclaimant BRANDI, have continued to manufacture, import, distribute, market, and offer to sell calavera-shaped skull bottles that were created by BRANDI and are protected by her copyrights.  Counterdefendants have also improperly modified the artwork and the manner of presentation of the artwork without the artist/copyright-holder's permission.

34.     Counterdefendants thereby have willfully infringed, and are continuing to willfully infringe, on counterclaimant BRANDI's five above-mentioned copyrights.  By their acts, counterdefendants have made and will make substantial profits and gains to which they are not entitled in law or in equity.  Counter-claimants have been damaged by the unauthorized sales, and seek an adjudication requiring counterdefendants to disgorge the profits made by their illegal conduct, and seek all other damages allowed by law.

35.     Counterdefendants intend to continue their willful conduct, and will continue to willfully infringe counterclaimant BRANDI's copyrights, and to act in bad faith, unless restrained by this Court.  Counterdefendants' acts have damaged,

Case No. 2-15-cv-02692-DDP-AGR
FIRST AMENDED COUNTERCLAIM

1  and will continue to irreparably damage counterclaimants, and counterclaimants

2  have no adequate remedy at law.

3  **SECOND CLAIM FOR RELIEF**
   **For Fraud in the Inducement**
4  **(BRANDI Against ELEMENTS SPIRITS, INC.)**

5

6      36.     Counterclaimant BRANDI hereby restates and incorporates by

7  reference paragraphs 1 through 29, and 31 through 35, of this counterclaim as

8  though fully set forth herein.

9      37.     ELEMENTS entered into the Binding Agreement by and through its

10  president and officer, Timothy Owens, with the intent of never honoring certain of

11  its material terms.  As is set forth in detail above, misrepresentations were made to

12  BRANDI by Mr. Owens in order to induce her into allowing the continued use of

13  her copyrights.  At the time the Binding Agreement was entered into, Mr. Owens

14  acknowledged BRANDI as the creator of the KAH brand and the bottle artwork.

15  Mr. Owens went so far as to state that BRANDI should be hired to, again, act as the

16

17  brand ambassador.

18

19      38.     Notwithstanding his repeated assurances that BRANDI was, indeed, the

20  owner of the copyrights, in a sworn statement submitted to this Court, Mr. Owens

21  states:

22          Attached hereto as Exhibit N is a true and correct copy of
            that Binding Agreement signed by me, as representative of
23          Elements, and by Kim Brandi.  Elements believed this was
            the most expeditious resolution of the dispute, <u>although</u>
24          <u>Elements did not believe Brandi's copyrights were valid,</u>
            since they were obtained after her departure from the
25          company, and without authorization.

26

27

28  (emphasis added).

39.     ELEMENTS intended to, and did, deceive BRANDI for the purpose of inducing her to enter the "Binding Agreement."  In reliance upon ELEMENTS' false statements, BRANDI did in fact enter into that Agreement.  BRANDI is therefore entitled to rescission of the Binding Agreement.

<u>**THIRD CLAIM FOR RELIEF**</u>
**For Breach of Contract**
**(BRANDI Against ELEMENTS SPIRITS, INC.)**

40.     Counterclaimant hereby restates and incorporates by reference paragraphs 1 through 29, 31 through 35, and 37 through 39, of this counterclaim as though fully set forth herein.

41.     Counterdefendant ELEMENTS breached the Binding Agreement in the manner alleged at paragraphs 23-24 and 26-27 of this counterclaim.  Until counterdefendants' breach, counterclaimant had fully performed all of her obligations, conditions, covenants and promises set forth under the Agreement, including allowing the continued use of her copyrighted artwork.  BRANDI is excused from any further performance under the Binding Agreement, because of ELEMENTS' breaches of that Agreement.

42.     As a result of counterdefendants' breach of the Agreement, counterclaimants have been damaged in such sum or sums as shall be proven at trial, together with interest thereon, at the legal rate according to proof, plus reasonable attorneys' fees and costs.

///

///

///

**FOURTH CLAIM FOR RELIEF**
**Declaratory Relief Pursuant to 28 U.S.C. §2201**
**(Brandi against Elements)**

43.     Counterclaimants hereby restate and incorporate by reference paragraphs 1 through 29, 31 through 35, 37 through 39, and 41 through 42, of this counterclaim as though fully set forth herein.

44.     There is a ripe, current, and justiciable case and controversy between counterclaimants and counterdefendant ELEMENTS relating to their ongoing legal rights and obligations regarding the Binding Agreement entered into by Brandi and Elements in November 2013.

45.     Elements contends that the Binding Agreement is still in force and effect, and that Elements still has "a permanent, worldwide, exclusive, royalty-free license in any and all copyrights owned by Brandi relating to skull-shaped bottles and/or the KAH brand."  BRANDI contends that ELEMENTS has breached material terms of the Binding Agreement, thus rendering any license null and void.

46.     BRANDI is in urgent need of an immediate judicial declaration of the validity of her termination of the Binding Agreement due to the numerous material breaches of the agreement by ELEMENTS, and also due to ELEMENTS' improper sale, assignment, sublicensing or other hypothecation of the rights to manufacture and sell materials covered by BRANDI's copyrights.

**FIFTH CLAIM FOR RELIEF**
**Account Stated**
**(ICONIC against FINOS)**

47.     Counterclaimant ICONIC hereby restates and incorporates by reference paragraphs 1 through 29, 31 through 35, 37 through 39, 41 through 42,

and 44 through 46, of this counterclaim as though fully set forth herein.

48.    In 2009, Counterclaimant BRANDI initiated a business relationship with Qingdao ABAC Glass Co. LTD. (ABAC Glass) to manufacture the KAH bottle (i.e., the very bottle the design of which is at issue in this lawsuit).  ABAC Glass was the sole manufacturer of the KAH tequila bottle until about February 2012.

49.    In or about January 2012, and pursuant to written purchase orders from counterdefendant FINOS, ABAC Glass performed work, consisting of labor, services, and materials, manufacturing skull-shaped glass bottles for KAH Tequila. Counterdefendant FINOS ordered the bottles and agreed to pay for them

50.    Accounts have been stated by ABAC Glass to FINOS for product not paid for, and FINOS repeatedly promised payment would be made.  There is now due and owing on account $150,000 for KAH Tequila bottles that were ordered, manufactured and delivered to FINOS; and an additional $414,000 for KAH Tequila bottles that were ordered, manufactured by ABAC Glass and never claimed.  These account statements remain unpaid.  Counterclaimant ICONIC is the assignee of the accounts receivable owed to ABAC Glass.

51.    As a direct and proximate result of FINOS' failure to pay ABAC Glass, assignee ICONIC is entitled to an award of damages in the amount of $564,000, or such other sum as shall be proven at trial, together with interest at the legal rate, and attorney fees and costs in an amount which will be ascertained at the time of trial.

52.    FINOS has conferred the jurisdiction of this Court upon itself by joining the action as a named plaintiff.  Counterclaimant ICONIC respectfully requests the Court exercise supplemental jurisdiction over this related claim in order to avoid a multiplicity of actions.  The claim arises directly out of the manufacture

of KAH Tequila bottles, involves a dispute between parties already named and represented in the action, and will involve evidence showing FINOS (and its "consultant" Frederico Cabo) to be the puppeteer over all things KAH.

### SIXTH CLAIM FOR RELIEF
**Accounting**
**(BRANDI Against All Counterdefendants)**

53. Counterclaimant hereby restates and incorporates by reference paragraphs 1 through 29, 31 through 35, 37 through 39, 41 through 42, 44 through 46, and 48 through 52, of this counterclaim as though fully set forth herein.

54. At all times mentioned herein, counterclaimant BRANDI is entitled to a full written accounting of: (1) all of counterdefendants' profits earned as a result of their use and sale, authorized and unauthorized, of counterclaimant BRANDI's copyrights; (2) any and all sales of KAH Tequila, internationally, to determine what royalties should have been paid to ELEMENTS; (3) all attorney fees incurred and paid by ELEMENTS or on its behalf that are being claimed as offsets against royalties earned; and (4) ELEMENTS' value and the value of counterclaimant BRANDI's stock in ELEMENTS.

55. Counterclaimants have demanded a full accounting from counterdefendants, but counterdefendants have failed and refused, and continue to fail and refuse, to render such an accounting or to provide any documents whatsoever. Counterdefendants' failure to render a proper accounting of the royalty payments owed to ELEMENTS and the attorney fees paid on its behalf has substantially and proximately injured counterclaimants and has resulted in the unjust enrichment of counterdefendants.

# VI
# PRAYER

WHEREFORE, counterclaimants pray for judgment against counterdefendants, and each of them, as follows:

1.    For injunctive relief against counterdefendants, and all of those acting in concert with them, including their agents and servants:

    a)    preliminarily and permanently enjoining them from manufacturing, distributing, advertising, promoting, offering for sale and/or selling any products which bear BRANDI's copyrighted bottle shape and design, or any other design substantially similar thereto, and engaging in any other activity constituting an infringement of any of BRANDI's rights in and to the protected copyrights, and from falsely stating the origin of said designs;

    b)    requiring them to recall all items infringing on BRANDI's copyrighted bottle shape and design, including any advertising and promotional materials relating to the infringing items, and thereafter to deliver up for destruction all infringing designs, artwork, packaging, advertising and promotional materials;

    c)    enjoining them from making any statements alleging that counterclaimants are in any way interfering or infringing on any copyrights relating to skull-shaped bottles or the KAH brand; and

    d)    requiring them to disgorge all profits wrongfully obtained from the use of BRANDI's copyrighted bottle shape and design.

2.    For an award to counterclaimant BRANDI of:

    a)    Counterdefendants' profits and BRANDI's damages and/or statutory damages, attorneys' fees and costs, to the full extent provided for by 17

1  U.S.C. §§ 504 and 505;

2         b)      BRANDI's damages suffered as a result of counterdefendants'

3  breach of the Binding Agreement; and

4         c)      Attorneys' fees and costs, and injunctive and other equitable

5  relief, to prevent counterdefendants from continuing to engage in the unlawful,

6  unfair, and/or fraudulent business practices alleged herein and from continuing to

7  receive ill-gotten gains therefrom.

8

9      3.     For a judgment rescinding the Binding Agreement because of counter-

10  defendants' fraud in the inducement of that Agreement.

11     4.     For a declaration of rights under the Binding Agreement and as to the

12  validity of the disputed copyrights.

13     5.     For an order requiring counterdefendants to perform an accounting of

14  their profits earned through sales of KAH Tequila, and all international sales of

15  KAH, any and all attorneys fees paid by or on behalf of ELEMENTS as an offset

16  against royalties, and the value of BRANDI's stock in ELEMENTS.

17     6.     For an award to counterclaimant ICONIC of damages of $564,000.

18     7.     On all claims for relief:

19         a)      For an award of costs of suit including reasonable attorneys fees;

20         b)      For prejudgment interest; and

21         c)      For such other relief as the Court deems just and proper.

22  DATED:  June 19, 2015.              **MILLER JOHNSON LAW**

23                                      By:___ *Jon B. Miller  /s/*___

24                                      Jon B. Miller, Esq.

25                                      Scott A. Johnson, Esq.

26                                      Attorneys for Counterclaimants ICONIC

27                                      BRANDS, INC., and GRACE KIM BRANDI

28

# EXHIBIT 1

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## VA 1-787-771

**Effective date of
registration:**

August 12, 2011

---

## Title

**Title of Work:** SPIDER CALAVERA

## Completion/Publication

**Year of Completion:** 2009

**Date of 1st Publication:** February 1, 2010 **Nation of 1st Publication:** United States

## Author

■ **Author:** Grace Kim Brandi

**Author Created:** photograph(s), 2-D artwork, sculpture

**Work made for hire:** No

**Citizen of:** United States **Domiciled in:** United States

**Year Born:** 1966

## Copyright claimant

**Copyright Claimant:** Grace Kim Brandi

## Rights and Permissions

**Name:** Grace Kim Brandi

**Email:** **Telephone:** 626-377-2510

**Address:**

## Certification

**Name:** Grace Kim Brandi

**Date:** August 12, 2011



# EXHIBIT  2

## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

**VA 1-787-767**

**Effective date of registration:**

August 12, 2011

---

## Title

**Title of Work:** MUERTOS CALAVERA

## Completion/Publication

**Year of Completion:** 2009

**Date of 1st Publication:** February 1, 2010    **Nation of 1st Publication:** United States

## Author

**Author:** Grace Kim Brandi

**Author Created:** photograph(s), 2-D artwork, sculpture

**Work made for hire:** No

**Citizen of:** United States    **Domiciled in:** United States

**Year Born:** 1966

## Copyright claimant

**Copyright Claimant:** Grace Kim Brandi

██████████████████████████████

## Rights and Permissions

**Name:** Grace Kim Brandi

**Email:** ███████████    **Telephone:** 626-377-2510

**Address:** ████████████████████

## Certification

**Name:** Grace Kim Brandi

**Date:** August 12, 2011

---

**Correspondence:** Yes

Page 1 of 1



# EXHIBIT 3

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## VA 1-787-670

**Effective date of registration:**

August 12, 2011

---

## Title
**Title of Work:** DOD LOGOS

## Completion/Publication
**Year of Completion:** 2009

**Date of 1st Publication:** February 1, 2010    **Nation of 1st Publication:** United States

## Author
**Author:** Grace Kim Brandi

**Author Created:** 2-D artwork

**Work made for hire:** No

**Citizen of:** United States    **Domiciled in:** United States

**Year Born:** 1966

## Copyright claimant
**Copyright Claimant:** Grace Kim Brandi
████████████████████████

## Rights and Permissions
**Name:** Grace Kim Brandi

**Email:** ████████    **Telephone:** 626-377-2510

**Address:** ██████████████

## Certification
**Name:** Grace Kim Brandi

**Date:** August 12, 2011



# EXHIBIT 4

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## VA 1-793-491

**Effective date of registration:**

August 11, 2011

---

## Title

**Title of Work:** DIABLO

## Completion/Publication

**Year of Completion:** 2009

**Date of 1st Publication:** February 1, 2010     **Nation of 1st Publication:** United States

## Author

■     **Author:** GRACE KIM BRANDI

**Author Created:** 2-D artwork, sculpture

**Work made for hire:** No

**Citizen of:** United States     **Domiciled in:** United States

**Year Born:** 1966

## Copyright claimant

**Copyright Claimant:** GRACE KIM BRANDI

███████████████████████████

## Rights and Permissions

**Name:** Grace Kim Brandi

**Email:** ████████████████     **Telephone:** 626-377-2510

**Address:** ████████████████

## Certification

**Name:** Grace Kim Brandi

**Date:** August 11, 2011

---



# EXHIBIT 5

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**
VAu 1-079-114

**Effective date of
registration:**

August 11, 2011

## Title

**Title of Work:** CALAVERA PROTOTYPE

## Completion/Publication

**Year of Completion:** 2009

## Author

**Author:** Grace Kim Brandi

**Author Created:** photograph(s), sculpture

**Work made for hire:** No

**Citizen of:** United States          **Domiciled in:** United States

**Year Born:** 1966

## Copyright claimant

**Copyright Claimant:** Grace Kim Brandi

## Rights and Permissions

**Name:** Grace Kim Brandi

**Email:**                                          **Telephone:** 626-377-2510

**Address:**

## Certification

**Name:** Grace Kim Brandi

**Date:** August 11, 2011



