O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ELEMENTS SPIRITS, INC., a
California corporation;
FABRICA DE TEQUILAS FINOS
S.A. De C.V., a Mexican
corporation; WORLDWIDE
BEVERAGE IMPORTS, LLC, a
Nevada limited liability
company,

                    Plaintiffs,

          v.

ICONIC BRANDS, INC., a
California corporation;
GRACE KIM BRANDI, an
individual ,

                    Defendants.
_____

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. CV 15-02692 DDP (AGRx)

**ORDER DENYING DEFENDANTS' MOTION
FOR RECONSIDERATION OF MAGISTRATE
JUDGE'S ORDER**

[Dkt. No. 87]

     Presently before the Court is Defendants' Motion for

Reconsideration of the Magistrate Judge's Order Denying Defendants'

Challenge to Designation of Discovery as "Attorneys' Eyes Only."

(Dkt. No. 87.)  Having considered the parties' submissions, the

Court adopts the following order.

**I.    BACKGROUND**

     The background facts giving rise to this litigation are well-

known to the parties and the Court.  (See Order Granting in Part

1  and Denying in Part Plaintiffs' Motion to Dismiss First Amended

2  Counterclaims, Dkt. No. 46.)  Relevant here, in December 2015, the

3  parties entered into a stipulated protective order.  (Dkt. No. 57.)

4  In February 2016, Defendants-Counterclaimants filed a motion

5  challenging the Plaintiffs-Counterdefendants' designation of

6  certain third party discovery materials as "Attorneys' Eyes Only"

7  rather than "Confidential" under the protective order.  (Dkt. No.

8  70.)  On March 16, 2016, after the motion was fully briefed, the

9  Magistrate Judge issued a detailed minute order deciding the motion

10  without a hearing.  (Dkt. No. 82.)  The Magistrate Judge denied

11  Defendants-Counterclaimants' motion and held that good cause

12  supported Plaintiffs-Counterdefendants' designation of the

13  discovery materials as "Attorneys' Eyes Only."  (Id.)  On April 4,

14  2016, Defendants-Counterclaimants filed this Motion for

15  Reconsideration of the Magistrate Judge's decision.  (Dkt. No. 87.)

16  **II.   LEGAL STANDARD**

17      A district judge may refer certain nondispositive pretrial

18  matters to a magistrate judge.  28 U.S.C. § 636(b)(1)(A).  After

19  the referral, the district judge can reconsider the magistrate

20  judge's decision only if "it has been shown that the magistrate

21  judge's order is clearly erroneous or contrary to law."  Id.

22  "Nondispositive issues include discovery sanctions" and other

23  discovery matters.  See Bhan v. NME Hosps., Inc., 929 F.2d 1404,

24  1414 (9th Cir. 1991).

25  **III. DISCUSSION**

26      The Magistrate Judge's decision held that the third party-

27  produced documents that had been designated as "Attorneys' Eyes

28  Only" by Plaintiffs-Counterdefendants were appropriately

2

1  designated.  (Dkt. No. 82.)  Plaintiffs-Counterdefendants claimed

2  that the designation was necessary to prevent the individual

3  Defendants-Counterclaimants, Grace Kim Brandi and her new company,

4  Iconic Brands, Inc., from gaining confidential cost and pricing

5  information on Plaintiffs-Counterdefendants' KAH tequila.  (Id. at

6  2.)  The designation was limited to only those produced documents

7  "that could be used to determine the individual cost basis of a

8  bottle of KAH tequila."  (Id.)  Plaintiffs-Counterdefendants sought

9  to limit Defendants-Counterclaimants' access to that cost

10  information because the parties are competitors in the tequila

11  industry.  (Id.)

12      The Magistrate Judge found the designation appropriate because

13  protective orders and designations are "common in litigation

14  between competitors in order to limit access to sensitive

15  information to counsel and experts."  (Id. (citing Nutratech, Inc.

16  v. Syntech Int'l, Inc., 242 F.R.D. 552, 555 (C.D. Cal. 2008)).)

17  The Magistrate Judge then balanced the "risk of competitive harm to

18  [Plaintiff-Counterdefendant] Elements from disclosure of

19  competitive information to [Defendant-Counterclaimant] Brandi,

20  against the risk to [Defendants-Counterclaimants] Iconic brands and

21  Brandi that a restriction of access to counsel and experts will

22  impair their ability to litigate this action."  (Id. (citing Brown

23  Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir.

24  1992)).)

25      The Magistrate Judge found that the parties were competitors

26  at the wholesale level and that the documents at issue involved

27  wholesale pricing and cost for KAH tequila.  (Id.)  The Magistrate

28  Judge held that "[t]he risk of competitive harm from disclosure is

3

substantial because a competitor with knowledge of a rival's cost and price to a retailer would have an obvious advantage in soliciting that customer's business." (Id.)  The Magistrate Judge held that "[n]onpublic wholesale pricing/cost information qualifies as confidential commercial information" under Federal Rule of Civil Procedure 26(c)(1)(G) and Nutratech.  (Id. (quoting FRCP 26 to say that the rule applies to "a trade secret or other confidential research, development, or commercial information").)

Further, the Magistrate Judge found that Defendants-Counterclaimants had not shown that "their ability to prosecute this litigation will be impaired if Brandi does not have access to her competitor's wholesale cost/price information." (Id. at 2-3.) Defendants-Counterclaimants had argued that Brandi was "the person most qualified to evaluate Elements' accounting" but the Magistrate Judge found that Brandi was not an accountant and her expertise based on industry experience did not mean that an accounting expert who is not a competitor of Plaintiffs-Counterdefendants would not also be qualified to review Elements' accounting, thus lessening any prejudice.  (Id. at 3 (quoting Joint Stipulation at 18).)

Defendants-Counterclaimants now argue on reconsideration that the Magistrate clearly erred in striking the balance between the parties' competing concerns.  (Mot. Reconsideration, Dkt. No. 87.) Defendants-Counterclaimants argue that the District Court had held that Brandi had "properly pled a right to an accounting from plaintiffs, and the documents which plaintiffs want to conceal from Brandi are directly relevant to such an accounting." (Id. at 2; see also id. at 5-6, 10-13.)  Further, Defendants-Counterclaimants claim that designating the documents as "Confidential" rather than

1  "Attorneys' Eyes Only" better strikes the balance between the risk

2  of harm to Plaintiffs-Counterdefendants and of prejudice to

3  Defendants-Counterclaimants because designating the documents as

4  "Confidential" would prevent Brandi from using the information in

5  any way not connected to the litigation and would keep the

6  information nonpublic so that other competitors would not find out

7  the cost information.  (Id.)

8       The Court recognizes that Defendants-Counterclaimants'

9  arguments are valid considerations.  However, these concerns were

10  properly evaluated by the Magistrate Judge under the proper legal

11  standard.  Thus, there is no evidence of clear error or a decision

12  contrary to law in the Magistrate Judge's ruling on this matter.

13  Even if the information in the protected documents is relevant to

14  the case, the information can still be accessed by an accounting

15  expert and attorneys in order to litigate the case with minimal

16  prejudice to both sides.  Therefore, the Court declines to

17  reconsider the Magistrate Judge's well-reasoned decision.

18  **IV.   CONCLUSION**

19       For the reasons stated above, Defendants-Counterclaimants'

20  Motion for Reconsideration is DENIED.

21

22  IT IS SO ORDERED.

23

24  Dated: May 9, 2016

25                                        DEAN D. PREGERSON
                                          United States District Judge

26

27

28

                                   5